## THE HAWAIIAN GOVERNMENT *vs.* FRANK BROWN *et al.*

### IN EQUITY. BEFORE JUDD, C.J.

### APRIL, 1889.

Equity has concurrent jurisdiction with law in matters of account, where from their complexity and length Courts of Law are incompetent to examine them with necessary accuracy.

Plaintiff's claim for unpaid customs duties on liquor withdrawn from bond by defendant, held not to be so complicated that it could not be submitted to a jury.

Plaintiff held to have a plain and adequate remedy at law, by an action of Debt, or a submission to Referees, or a statutory action for Discovery.

The fact that defendant made an assignment for benefit of creditors, after this cause of action arose, does not give Equity jurisdiction: nor will it occasion a multiplicity of suits.

Demurrer sustained.

### DECISION OF JUDD, C.J.

The bill in substance alleges that the defendant Brown has since May, 1882, imported quantities of spirituous liquors, and has also withdrawn from the Custom House liquors imported by others, upon which he has not paid the legal duties, and that the same are now due from him: that the liquors so imported and withdrawn are set forth in four exhibits annexed to the bill, but asks leave to produce the original books and records of the Custom House in proof that the defendant Brown secured the withdrawal of these liquors from the Customs without payment of duties, by the representation and pretense that they had been ordered for the private use of the King and the Diplomatic Representatives of divers foreign governments, who were entitled to be exempted from the obligation to pay duties: that these representations and pretenses were false in fact, and that said liquors have not been ordered by nor delivered to these exempted persons, but were placed on sale by defendant Brown: that none of these liquors were imported for the use of the Hawaiian

Government, or for the King and Queen, nor as naval stores for a foreign government, nor for the private use and consumption of foreign diplomatic representatives, and that the duties now due on the same and claimed by plaintiff are set forth in Exhibit E. That defendant Brown asserts that these liquors were withdrawn by him for the private use and consumption of His Majesty and certain diplomatic representatives, and that is the reason why he refuses to pay the duties on the same: that the claim of the plaintiff embraces a great number of items distributed over a period of about four years, with each item involving a consideration and comparison of several dates, and that the account herein is so extensive and complicated that a court of law would be incompetent to examine it with all necessary accuracy: that said Brown, being in insolvent circumstances, made a voluntary assignment of all his property to the defendants, Cartwright and Allen, to pay his debts; and that said assignees and trustees, having sold the property of Brown, refuse to admit the claim of the plaintiff, and threaten to distribute the assets of Brown's estate (which are not sufficient to pay his debts in full) among creditors to the exclusion of plaintiff's claim. That the books of said Brown are now in the custody of said trustees, and by reference to such books alone can it be ascertained whether any of the said liquors were in fact sold and delivered to the persons as by Brown claimed. That Brown and his trustees are liable to pay the duties on these liquors even if they were sold and delivered to His Majesty or any foreign diplomatic representative. The bill prays for an answer and for an account, for a decree for the plaintiff for the amount of duties, and that the trustees admit the claim of the plaintiff when established and pay the same in full, etc.

The defendants demur to the bill on the grounds (1) of a want of equity, and (2) that there is an ample remedy at law.

### By the Court.

I think the demurrer should be sustained. The cause of action is a claim of the Hawaiian Government against the defendant Brown for certain duties on certain spirituous liquors

imported into this Kingdom. That an action at law would lie therefor was settled in *Cleghorn vs. G. W. Macfarlane & Co.,* January, 1888. The peculiar features of this case which are urged as making it a proper case for Equity are that the accounts are extensive and complex and mutual. In Sec. 459 of Story's Eq. Jur., the general doctrine is laid down "that in matters of account growing out of privity of contract, Courts of Equity have general jurisdiction where there are mutual accounts (and *a fortiori* where these accounts are complicated), and also where the accounts are on one side, but a discovery is sought, and is material to the relief."

These accounts do not appear to me to be "mutual." They comprise the dealings of the defendant Brown with the Custom House, and all the records and vouchers for these transactions, comprising the charges for duties and the amounts paid by him, are in the possession of the plaintiff.

The discovery asked for is to obtain from the books of the defendant Brown information whether any of the liquors were sold and delivered to parties entitled to exemption from duties, and the bill demurs to this evidence by the averment that if they were so sold and delivered it would not relieve Brown from the liability to pay the duties.

Equity has concurrent jurisdiction with law in matters of account where from their complexity and length courts of law are incompetent to examine them with the necessary accuracy. Story, Sec. 451; *Seymour vs. Dock Co.,* 20 N. J. Eq. 407. But the accounts do not appear to me to be complicated. They are lengthy, it is true, but they could be submitted to a jury and the results reached by them without difficulty.

The object of the bill appears to be to recover compensation or damages, *i.e.,* to collect unpaid duties on imported liquors. Now, although Equity may decree compensation or damages, it is incidental to other relief sought by the bill, or where there is no adequate remedy at law, or where some peculiar equity intervenes. Story, Sec. 794. A strictly legal demand is not recoverable in Equity. *Foley vs. Hill,* 2 House of Lords Cas., 43.

I am of the opinion that the plaintiff has a plain and adequate remedy at law. He may even have the accounts put out to referees: see Sec. 841, Civil Code, Compiled Laws, page 240; and he may also have a discovery of the defendant Brown's books by resorting to the Statute in page 369 of the Compiled Laws, "the means of affording discovery to litigants."

The Attorney-General urges, however, that the Government would have to sue in *debt* for the duties on the liquors imported by Brown, and in *assumpsit* for duties on the liquors imported by others and by him taken out of bond.

I am not aware that the latter half of the proposition is true. Why would not debt lie where, by purchase of goods in bond, the purchaser becomes by completing the transaction at the Custom House the virtual importer, and assumes all the liabilities of the original importer?

The only question of difficulty in my mind is the assignment of the defendant Brown of his property since the cause of action arose. But this not infrequently happens. So does the intervening of death, bankruptcy, and many other contingencies often make the recovery of claims difficult. But I cannot see that this gives Equity jurisdiction.

The Attorney-General claims that he would be compelled, if he has to resort to law and recover a judgment against the defendant Brown, to proceed also against the assignees by way of injunction or otherwise to enforce the judgment against the assets in their hands; and urges that a ground of Equity jurisdiction is to prevent the multiplicity of suits.

I understand that the doctrine is, that Equity once having obtained jurisdiction for discovery, the Court will go on and give the party the proper relief, and not subject him to the expense and inconvenience of a double suit at law.

This is not the case before me.

I think, too, that much of the reasoning on which this rule was based falls to the ground since the statute, common in most countries, allows parties to testify and to be called as witnesses by the other side.

48

For all these reasons I sustain the demurrer, and dismiss the bill with costs.

*C. W. Ashford* (Attorney-General), for plaintiff.

*Cecil Brown* and *P. Neumann,* for defendant.

Honolulu, April 6, 1889.