MARY KAPOLA KALEIKINI *v.* ALBERT WATER-HOUSE, ADMINISTRATOR OF THE ESTATE OF A. KAUHI.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MARCH 1, 1909.                    DECIDED MARCH 11, 1909.

HARTWELL, C. J., WILDER AND BALLOU, JJ.

EVIDENCE—*admissions against interest.*

> An account book shown to be in the handwriting of a deceased person is admissible in support of a claim against his estate as an admission against interest.

ACCOUNT—*concurrent jurisdiction of law and equity.*

> An action of assumpsit having been brought at law, it is not a ground for nonsuit that it is founded on a long and complicated account.

LIMITATION OF ACTIONS—*principal and agent.*

> In the absence of a demand, the statute of limitations does not begin to run in favor of a fiduciary agent managing his principal's estate until the death of one party.

OPINION OF THE COURT BY BALLOU, J.

Plaintiff brought an action of assumpsit in the circuit court for the sum of $13,389.10. The testimony showed that the plaintiff when a very young child was taken charge of by an old couple, Keakaku and Paahao, and brought up as their daughter,

although not legally adopted. They all lived together with the decedent Kauhi, at Ewa. Some time before the death of this old couple the plaintiff was given into the charge of Kauhi together with some property and money to be kept for the benefit of the child. From that time on and throughout his life Kauhi acted as a father towards the plaintiff, assumed entire control of her property, leased her lands, collected rents and made investments for her. Plaintiff married in 1888 at the age of fourteen, but Kauhi continued to manage plaintiff's property with her full acquiescence and confidence up to the time of his death in February 1907. Upon the defendant's appointment as administrator plaintiff filed a claim upon which this action was brought, and after trial by a jury recovered judgment for $7200.

Defendant's first group of exceptions relate to the admission in evidence of the pages of an old account book of Kauhi dealing with the plaintiff and her affairs. The accounts, which were proved to be in the handwriting of Kauhi, are contained in a book devoted in part to other matters, such as lists of tax collections. Some of the pages dealing with plaintiff's affairs are headed as follows: Page 47, "Memorandum of my debts to Mary Kapola;" page 48, "For Mary Kapola," showing a list of loans made for her; page 53, "Memorandum of the time to collect rents from the lands of Mary Kapola;" page 62, "People owing money to M. Kapola." The accounts are somewhat rough and confused, with many erasures, particularly of items marked paid, but it is not necessary to consider whether or not they sufficiently fulfil the requisites of a regular book of entry which would entitle them to be used in support of a claim by the decedent. The accounts were offered and received in support of the claim against the decedent, they being admissions against interest. As such they were clearly competent evidence. 2 Wigmore Evidence, Sec. 1557.

There is no merit in the exception to the refusal of the judge

to order a nonsuit upon the ground that the account was long and complicated and therefore a case for a court of equity. Actions for accounting are within the concurrent jurisdiction of law and equity and the one first taking actual cognizance of any particular controversy ordinarily retains exclusive jurisdiction. 1 Pomeroy Eq. Juris., Secs. 174, 179. Even if the case were one falling within the jurisdiction of equity as defined by R. L. Sec. 1834, which is by no means certain (see *Government v. Brown,* 6 Haw. 750), the remedy would be by application to a court of equity, not by motion for nonsuit.

There is no error in the refusal to strike out all evidence in regard to accounts prior to six years before the death of Kauhi on the ground that such accounts were barred by the statute of limitation. The evidence shows that Kauhi acted in a fiduciary capacity as the plaintiff's confidential agent up to the time of his death, and no demand for an accounting is alleged to have been made during his lifetime. Under these circumstances the statute begins to run only from the date of Kauhi's death. *Burdick v. Garrick,* L. R. 5, Ch. 233.

The last exception of the defendant was to the following instruction: "If you find from the evidence that Kauhi took this girl and treated her as his own child, and she acted towards him as she would towards her own natural father, and he cared for her, educated her, clothed her, fed her, gave her a home, and if you find that there is no evidence upon which there can be any express or implied agreement upon her part to pay for lodging, her food, her clothing, and otherwise caring for her, the law will then presume this relationship of parent and child and would not imply that she was under any legal obligations to pay him therefor.

"However, if you find from the evidence that such relationship really did not exist between the parties, but that she was under legal obligations to pay for her food, clothing and care, etc., then of course the reasonable amount of that would be

deducted from whatever claim you might find that she has against the estate.

"The Court is not permitted to comment upon or give its conclusion or opinion as to what I might think of those matters; you are to draw your own conclusions. I will say, however, in considering this latter phase of the matter in regard to the relationship that may or may not have existed between them as to parent and child, you may take into consideration the fact that Kauhi used her property, if you find from the evidence that he did so use it, or derived any benefit from it; if so, I think you would be justified in taking into consideration the comfort, enjoyment of her society, etc., as a parent would with a child, even though possibly the actual relationship did not exist. I am justified in saying, however, that there is no evidence showing any express contract between the parties that she was to pay for these things."

The statement that there was no evidence of any express contract that the plaintiff was to pay for her lodging, food and clothing is sustained by the record, and is not a comment upon the evidence within the prohibition of the statute. R. L. Sec. 1798. The statement of law as to the circumstances under which such contract might be implied was full and accurate.

The exceptions are overruled.

*W. C. Achi* for plaintiff.

*C. F. Peterson* for defendant.