## M. L. GOMES *v.* JOSEPH PÊRRY AND MARY PERRY.

## No. 1376.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. J. T. DeBOLT, JUDGE.

ARGUED OCTOBER 16, 1922.          DECIDED NOVEMBER 10, 1922.

PETERS, C. J., PERRY AND LINDSAY, JJ.

LANDLORD AND TENANT—*termination of tenancy—notice to quit.*

Upon the expiration of ten days' written notice to quit, a tenant at will has no further right of possession.

SAME—*re-entry and recovery of possession by landlord—damages.*

The mere fact that a landlord, in attempting to regain possession of his property from a former tenant whose tenancy has expired by notice to quit, violates a criminal statute, does not render rightful a possession in the tenant which otherwise was wrongful, so as to permit the tenant to recover damages from the landlord for the disturbance to the possession.

SAME—*same—mental suffering as element of damage.*

In an action of *quare clausum fregit*, humiliation and mental suffering of the plaintiff, caused by the disturbance to the possession of the land, is not an element of damage when the defendant, and not the plaintiff, had the right of possession.

SAME—*same—same.*

In an action *quare clausum fregit*, humiliation and mental suffering caused, not by the disturbance to the possession, but by humiliation and suffering caused to the plaintiff's wife, is not an element of damage, when there was no loss of consortium or of the wife's services.

OPINION OF THE COURT BY PERRY, J.

This is an action for damages. The plaintiff, in his amended declaration upon which with an answer of general denial the parties went to trial, alleged that on May 18, 1920, the defendants, who are husband and wife, "with

force and arms broke and entered a certain dwelling-house" of the plaintiff (describing its location) "and then and there made a great noise and disturbance and did then and there threaten the wife and family of plaintiff with arrest and with ejecting them from said premises and did in fact eject the wife and family of this plaintiff from said premises and with force and arms seized and took certain goods and chattels of said plaintiff * * * and disposed of the same to their own use and did lock up said premises and bar said plaintiff from the possession of the same" and that thereby the plaintiff and his family were "for the space of four hours not only greatly disturbed and annoyed in the peaceable possession of the dwelling-house of said plaintiff but also the said plaintiff was during that time hindered and prevented from carrying on his lawful and necessary affairs and business,"— to the damage of the plaintiff in the sum of $5000. In a second paragraph it is alleged that the acts of the defendants were actuated by malice and ill-will. The jury rendered a verdict finding "for the plaintiff and against the defendants as follows: Compensatory damages five hundred dollars ($500); exemplary damages .............. dollars."

The language of the verdict is such as to show beyond doubt that the jury refused to award any exemplary damages and that therefore it found that the acts of the defendants had not been actuated by actual malice. The present appeal being by the defendants only, no question now arises as to the sufficiency or the effect of the allegations or the proof relating to malice. The case on appeal must be considered upon the theory that there was no actual malice.

Undisputed evidence at the trial showed, and the jury was therefore obliged to find as facts, that the defendant Mary Perry was the owner in fee simple of the premises

involved in this litigation; that the plaintiff had no right, title or interest in the said premises other than as herein stated; that for some time prior to May 18, 1920, the plaintiff and his family had been occupying the premises as tenants at will under the defendant Mary Perry; that on May 4, 1920, the defendant Mary Perry delivered to the plaintiff a notice in writing requiring him to quit and deliver up the premises within ten days from the date of the notice; that the plaintiff and his family paid no heed to this notice and were still in occupation of the premises on May 18, 1920; that on the last named date the two defendants (defendant Joseph Perry acting in the matter as the agent of his wife) proceeded to the premises in question and made an effort to regain possession; that during all of the time of this visit of the defendants to the said premises the plaintiff was absent therefrom, being occupied at his regular place of business a considerable distance away; that plaintiff's wife and children were in the house at the time of the visit by the defendants; that defendants demanded delivery of possession from the plaintiff's wife; that with the defendants was one Medeiros, a police officer; that the defendant Joseph Perry took two chairs belonging to the plaintiff from one of the rooms of the house and placed them in the veranda but later returned them to the room where they were originally; that no damage whatever was done by the defendants or either of them or by any one in their behalf to any of the personal property of the plaintiff; that no assault or battery was committed by the defendants or either of them or any one in their behalf upon the plaintiff, the latter being absent all of the time as above stated; that at a time when the plaintiff's wife and children were out of the house the defendant Joseph Perry locked the house; that the defendants and others of their party left the premises before the plaintiff's return to the house for lunch, they

having been on the premises a part only of the morning; that upon plaintiff's return to the house for lunch he reopened the house with a key which he had in his pocket; that plaintiff's wife and children in consequence of the acts of the defendants left the premises and were absent for a few hours on that day; and that towards evening of the same day the plaintiff without further demand or efforts on the part of the defendants removed his belongings from the premises and abandoned them. There was other evidence, not undisputed, tending to show that the defendant Joseph Perry, in an effort to emphasize his demand, did some swearing and used some other harsh and unseemly language, some of it possibly constituting slander of the plaintiff or his wife or both; and that the defendant Joseph Perry used towards the plaintiff's wife language which in effect constituted a threat to cause her arrest if the premises were not surrendered peaceably.

Upon this state of the pleadings and of the evidence a verdict in favor of the plaintiff cannot be sustained. The action is trespass *quare clausum fregit,* the essence of which lies in the deprivation of or the interruption to the possession. In the case at bar, however, the plaintiff on May 18, 1920, had no right to the possession of the premises. Whatever right he had theretofore had had been terminated by the notice to quit, upon the expiration of the ten days therein mentioned. The defendant Mary Perry was the owner of the premises; the plaintiff had had at no time any right in the property other than as tenant at will; and it was competent for the defendant Mary Perry to terminate that tenancy at any time upon ten days' written notice to quit. After the expiration of that notice the plaintiff was wrongfully in possession. It is true that we have a statute, known ordinarily as the summary possession statute, providing a judicial method for the regaining of possession by the

landlord from a tenant who disregards a notice to quit or whose tenancy has otherwise terminated; but this judicial remedy is not exclusive. The statute in this respect is not any different from any other statute pro-viding a judicial remedy. Like other similar statutes it still leaves the aggrieved party at liberty, subject to certain possible limitations, to recover possession of his property or to redress the wrongs done him without the aid of the courts. One of these limitations may be, as declared in the criminal case of *Territory* v. *Savidge,* 14 Haw. 286, that if in the attempt to regain possession a landlord commits an assault and battery upon the tenant he is punishable criminally under the laws of the Terri-tory concerning assault and battery. Another limitation may be that if in the attempt to regain possession the landlord lays hands upon the tenant or otherwise assaults him or takes or injures his furniture or other personalty the tenant will have a right of action against the land-lord, upon suitable pleadings, to recover damages for such assault and for such losses or injuries. These pos-sible limitations are not before us for consideration and we express no opinion upon them, because the undisputed evidence in the case at bar is that there was no assault of any kind upon the plaintiff and that none of his per-sonalty was taken or injured in the slightest degree.

The action was trespass *quare clausum fregit* but the dispossession, such as it was, which was caused by the defendants, did not violate any right of possession on the part of the plaintiff for he had at that time no such right. The mere fact that by threats or by other language the defendants may have violated a criminal statute could not operate to render rightful on May 18 the pos-session of the plaintiff which from and after May 14 was wrongful; and therefore the disturbance to the possession of the plaintiff, on May 18, was not an element for which

he could recover damages. There is no statute in this jurisdiction similar to those in other jurisdictions declaring, either expressly or by implication, that a forcible entry by a landlord or a forcible detainer by him is in itself unlawful and therefore no right of action, by way of trespass, can be predicated upon the violation of any supposed right of the tenant to be secure against any such unlawful entry or detainer.

On the question of damages one other fact alone remains to be considered and that is that the plaintiff, according to his testimony, endured humiliation and other mental suffering in consequence of the language and acts of the defendants. It is impossible to ascertain from the evidence whether this humiliation and mental suffering were due to the disturbance to the possession of the premises or were due to the fact that the plaintiff's wife had suffered humiliation and mental suffering. If it was the former, the plaintiff is not entitled to recover because, his possession being wrongful and no right of his of possession therefore being violated, he can recover neither for the disturbance to the possession nor for the humiliation which otherwise might have been a concomitant element of damage. If it was the latter, then the humiliation and suffering were too remote and indirect to be allowed to be considered by the jury as elements of damage. *Telegraph Co.* v. *Cooper,* 71 Tex. 507, 512. There was no evidence to the effect that the humiliation or the mental suffering of the wife had been such as to cause the husband any loss of her society or of her assistance or services.

To what extent if at all the wife of the plaintiff, if she were suing, as she is not, could recover for any of the elements herein considered it is unnecessary to decide.

The verdict and the judgment are set aside and a new trial is granted.

*O. P. Soares (Pittman & Brooks* with him on the brief) for plaintiff.

*A. M. Cristy (Brown, Cristy & Davis* on the brief) for defendants.