## DAVID P. JELLINGS *v.* ELIZABETH H. GARCIA AND VINCENT GARCIA, HER HUSBAND.

### No. 1742.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. E. K. MASSEE, JUDGE.

ARGUED MARCH 23, 1927.                    DECIDED MARCH 26, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

EVIDENCE—*findings of fact in equity cases.*

> Findings of fact made by a trial judge in an equity case upon conflicting testimony are given great weight in this court.

OPINION OF THE COURT BY PERRY, C. J.

This is a bill in equity for the foreclosure of a mortgage. The respondents borrowed of the complainant the sum of $3000 on a promissory note dated January 18, 1926, payable three years after date with interest at eight per cent per annum, payable quarterly. One of the terms of the note was that the makers should pay the principal in monthly installments of $35 on the first day of each and every calendar month, the first of such installments to be paid on March 1, 1926. Another term was that if default should be made in the payment of any one of the installments and should continue for twenty days, the principal sum with all arrearages of interest should, at the election of the payee or holder, become at once due and payable. The note was secured by a mortgage upon real estate, also dated January 18, 1926. As a part of the same transaction the complainant was authorized by the borrowers to retain the $3000 and to pay out of the same on behalf of the borrowers the cost of a new building to be erected by the respondents and certain other expenses. Subsequently the complain-

ant rendered to the respondents a statement showing that the $3000 had been expended and applied as follows: in cash to the respondents $400; as a fee to the complainant for drawing the mortgage and other papers $43.50; in purchasing certain tickets for the respondents $2; in fire insurance $22.50; in payment of the building contract $2225; in building extras, one item of $70 and another item of $15; for the first installment of principal due under the note and mortgage $35; for commissions to the complainant for making the loan $150; and for superintendence by the complainant of the construction of the building $50,—a total of $3013. The suit for foreclosure was based upon the allegation that the respondents had failed to pay any of the prescribed installments of principal and the interest and that therefore the whole note and mortgage had become due and payable. In his testimony, however, the complainant admitted payment by the respondents of the sum of $35 as the first installment of principal due March 1, 1926, by application of that sum out of the $3000, as above stated. The bill was filed May 5, 1926, and summons was served May 6, 1926. At that time the third installment of principal was not yet overdue under the terms of the note and only one installment of principal was then due, that of April 1. The first installment of interest, however, had become due on April 18, and was unpaid.

The whole controversy was upon the issue of whether the complainant was entitled to either or both of the two items of commissions and superintendence. Upon this point the testimony was conflicting. The complainant testified that there was an express contract that the respondents should pay him five per cent upon the $3000 as an "inducement" for making the loan and produced a document purporting to have been signed by Mrs. Garcia, dated January 18, 1926, and reading as follows: "The

undersigned hereby appoints David P. Jellings to transact all my business and to have control of that sum of three thousand dollars which I have secured from him and to pay all bills for the full completion of my home now under construction. and to turn over what ever balance after deducting all expenses; including 5 per cent on loan;" On the other hand, Mrs. Garcia testified that prior to the execution of the note and mortgage there was no such agreement to pay five per cent commissions or any other commissions and there was some other testimony to the same effect. She also testified that the concluding words of the document last recited, "including 5 per cent on loan," were not in the instrument at the time that she signed it. The appearance of the instrument is such as to make it susceptible of the view that after the word "expenses" there was a period originally and that this was later changed to a semicolon and that the words, "including 5 per cent on loan," were inserted after the paper had been withdrawn from the typewriting machine with the first portion typewritten.

At the conclusion of the trial the court below rendered an oral decision as follows: "The court finds that the statement of the petitioner in the petition, that he has received no money, is untrue, as the petitioner admits he had already deducted the installment for the month of March. The court finds that the petitioner has not proved by preponderance of evidence, that he was entitled to hold the sum of one hundred and fifty dollars commission, nor the sum of fifty dollars for superintending the construction. In this connection the court will state that the matter of whether or not it is a proper charge, does not enter into consideration, but only whether or not there was an agreement to withhold that money. The petition is dismissed at the cost of the petitioner."

It has been repeatedly held by this court that when in an equity suit an issue of fact is decided upon conflicting testimony great weight will be given by this court to the finding of the trial court because the latter saw and heard the witnesses and was in a better position to pass upon their credibility and to weigh the evidence than this court is. Upon an examination of the transcript of the evidence in this case we find no reason for disturbing the finding of the trial judge. Upon all of the evidence and under all of the circumstances of the case he might well have attached greater weight to the testimony of Mrs. Garcia and her witnesses than to the testimony on behalf of the complainant. If he believed that the words relating to the payment of commissions were fraudulently inserted in the document above quoted, after execution by Mrs. Garcia, as he might well have believed, he would be justified in disregarding the remainder of the testimony adduced on behalf of the complainant.

The contention that the court erred in saying that "the matter of whether or not it is a proper charge," i. e., for superintendence of the erection of the building and for making the loan, "does not enter into consideration, but only whether or not there was an agreement to withhold that money," cannot be sustained. Without a contract, express or implied, there could be no recovery by the complainant in those respects. The ruling of the trial court was, in effect, that the complainant had failed to prove any contract, express or implied. As to the commission, we know of no general custom among money lenders in this Territory, of which this court can take judicial notice, to charge for procuring or giving a loan; nor was any evidence adduced tending to show the existence of such a custom.

The decree appealed from is affirmed.

*W. C. Achi* (also on the brief) for complainant.

*J. L. Coke* (also on the brief) for respondents.