## JOSHUA E. CHU *v.* MARGARET M. A. WONG, ROBERT C. SILER AND GLADYS M. SILER.

### NO. 2702.

Argued October 26, 1950.　　　Decided February 29, 1952.

Le Baron and Towse, JJ., and Circuit Judge Parks In Place of Kemp, C. J., Retired.

### OPINION OF THE COURT BY TOWSE, C. J.

This is an appeal from a decree granting a permanent injunction restoring possession of residential premises to

the petitioner-appellee. The respondents-appellants were enjoined from interfering with the tenant's possession by self-help or legal action predicated upon any rights asserted under a conveyance of the premises from respondent Margaret A. Wong to respondent Gladys M. Siler, her daughter, so long as the Rent Control Ordinance of the City and County of Honolulu remains in effect. The petitioner-appellee was awarded damages of $5,024.72 and costs against the respondents Gladys M. Siler and Robert C. Siler.

Petitioner had occupied the premises as a residence for three years, prior to the proceedings, under a month to month tenancy of $75 per month, and was the registered occupant upon the records of the Rent Control Commission. Respondent Wong was the landlord-owner under a transfer certificate of title issued in 1943. The bill for injunction alleged that in July 1947, respondent Wong verbally requested Chu to vacate in order that her daughter and son-in-law might have a place in which to live, and that Chu orally agreed to vacate in consideration of three months' rent-free tenancy from August 12, 1947. At the hearing, respondent Wong denied any such agreement. On September 30, 1947, she executed a conveyance of the premises to her daughter for a consideration of $1 and love and affection. The transfer was not recorded at the time of the proceeding below. She testified that the transfer was to enable her daughter "to bring a summary possession action or any other action she may wish to bring." On the day of the conveyance, Chu received written notice from the respondents Robert C. and Gladys M. Siler to vacate on or before October 12, 1947; and on the same day, respondent Wong filed an action against Chu in the district court for rental due in the sum of $225 for the period August 12-November 12. Petitioner refused to vacate, and on October 13, 1947, during his absence, respondent Gladys M. Siler

forcibly entered the dwelling and, together with her husband and other friends, removed Chu's belongings to a garage on the premises. Respondent Wong was not present at the time of the forced entry nor did she participate in the removal of Chu's belongings. For three days following the entry, the Silers remained in possession of the premises excluding Chu therefrom. On the third day of dispossession Chu was granted a temporary injunction ousting the respondents and restraining them from interfering with his right of quiet enjoyment. He re-entered that afternoon and immediately repossessed and restored his belongings into the house. Various articles were alleged to have been lost or damaged in the interval during his ouster, Chu alleging that the acts of the respondents constituted a fraud upon him, an attempt to evade the Rent Control Ordinance and a breach of the verbal agreement of rent-free tenancy.

The trial judge made the following material findings:

That prior to the conveyance of September 30, 1947 respondent Wong made verbal request of the petitioner to vacate in consideration of three months' rent-free tenancy, but that this agreement, if it did in fact exist, was repudiated by subsequent conduct of both parties; that the transfer from respondent Wong to her daughter was a fraudulent conveyance in fact and in law as to Chu under the Rent Control Ordinance; that the forced entry was illegal, and the damages awarded resulted from the illegal entry, ouster and removal of the petitioner's belongings by the Silers.

Respondents contend that the trial judge erred in entertaining the bill since the petitioner had a complete and adequate remedy at law; that disregarding of petitioner's "judicial admissions" as conclusive evidence of respondent Gladys M. Siler's title to the premises constituted error; that petitioner, in not offering to do equity by tendering the rental arrears, had not "come into court with clean hands"; that petitioner failed to establish all of the allegations

necessary to sustain his cause of action; that the refusal of the trial judge to determine whether the conveyance vested title in Gladys Siler constituted error; that petitioner failed to sustain the allegations of damages, and that the property unaccounted for was converted or damaged while under control of the respondents.

The provisions of statute and of the Rent Control Ordinance determinative of the issue of title presented are:

"An owner of registered land may convey * * * or otherwise deal with the same as fully as if it had not been registered * * *. But no deed * * * purporting to convey or affect registered land, shall take effect as a conveyance or bind the land, but shall operate only as a contract between the parties * * *. The act of registration shall be the operative act to convey or affect the land * * *." (R. L. H. 1945, § 12649 as am.)

"It shall be unlawful for any person to institute any action or proceeding to recover possession of housing accommodations so long as the tenant continues to pay the rent to which the landlord is entitled under this ordinance, unless:

"* * * The owner has in good faith contracted in writing to sell the property for immediate and personal use and occupancy as a dwelling by the purchaser thereof; provided, however, that in any proceeding instituted to recover possession of housing accommodations under the provisions of this subsection, where the payment or payments of principal made by such purchaser aggregate less than twenty per cent (20%) of the purchase price such fact shall constitute in evidence a prima facie presumption that said contract to sell was not made in good faith * * *." (Rev. Ord., City & Co. Hon., § 9, Ord. 941.)

Essentially, respondents assert that the damages, if any, resulted from breach of the alleged agreement of rent-free occupancy and that adequate and complete remedy was

available at law.  On the other hand, the gravamen of the bill is that the respondents collusively attempted to circumvent the ordinance in order to unlawfully deprive the petitioner of his right of possession, and that the damages resulted from his unlawful ouster.  Relief under the theory of the bill was predicated on ouster of the respondents and revesting of petitioner's possessory right by avoiding the fraudulent transfer as an attempt by indirection to accomplish that which the ordinance expressly prohibited.  As a chiropractic physician, petitioner alleged indispensable necessity for an ascertained residence to which professional calls could be directed.  These frequently numbered four to six per week.  During a period of critical housing shortage such as existed at the time, the petitioner would have encountered great difficulty, if at all successful, in re-establishing a residence suitable to his professional requirements.

It is fundamental that courts of equity will grant relief in cases of fraud where the remedy at law would otherwise be incomplete and inadequate.  (*Chave* vs. *Dowsett,* 6 Haw. 221.)  "The actual foundation of this *concurrent* branch of the equitable jurisdiction, the esential principle to which every instance of its exercise must finally be referred, is therefore the inadequacy, incompleteness, or insufficiency of the legal remedies which can be granted by courts of law to the litigant parties."  (1 Pomeroy, *Equity Jurisprudence* [5th ed.], § 173, p. 234.)

It further appears that alternate grounds of equity jurisdiction existed : "It may be stated as a general proposition, that wherever the court of equity has jurisdiction to grant the remedy of injunction for some special purpose, even though the injunction covers only a portion of the controversy, it may go on and decide all the issues, and make a final decree granting full relief."  (1 Pomeroy, *Equity Jurisprudence* [5th ed.], § 236a, p. 426.)

That the remedy at law for damages was inadequate is apparent. In the circumstances the petitioner was precluded from adequate and complete relief. The relief sought is embraced within the jurisdiction of equity as thus defined. (*Chave* vs. *Dowsett, supra; Hawaiian Government* vs. *Brown,* 6 Haw. 750.)

The alleged "judicial admissions" of petitioner consist of two letters from petitioner to the respondent Gladys Siler which, it is contended, constitute attornment. It is asserted that the alleged attornment constitutes "conclusive evidence" of her title to the premises; and that her acts of self-help in accomplishing entry, after notice of termination, were therefore not unjustified, but on the contrary were expressly sanctioned under the doctrine of *Gomes* v. *Perry,* 26 Haw. 661, 664, *viz.:* "It is true that we have a statute, known ordinarily as the summary possession statute * * *. Like other similar statutes it still leaves the aggrieved party at liberty, subject to certain possible limitations, to recover possession of his property or to redress the wrongs done him without the aid of the courts * * *."

A judicial admission is defined by Wigmore as "a formal act, done in the course of judicial proceedings, which waives or dispenses with the production of evidence, by conceding for the purposes of litigation that the proposition of fact alleged by the opponent is true." (4 Wigmore, *Evidence* [3d ed.], § 1058, p. 20.) It is a waiver of proof. The letters were admitted in evidence over the objection of petitioner. In our opinion they did not constitute judicial admissions, but were merely declarations in the nature of extrajudicial admissions or statements offered to impeach the petitioner Chu's asserted claim; and as such, were not binding upon him on the issue of title. His belief on October 12, 1947 that title was vested in respondent Gladys S. Siler did not affect his right of occupancy inasmuch as, under the provisions of section 12649 of Revised Laws of Hawaii 1945,

and the Rent Control Ordinance, *supra,* she was not, as to Chu, the owner-landlord. His indulgence in that assumption did not negate these operative provisions. The principle of self-help, enunciated in *Gomes* v. *Perry, supra,* was not applicable.

It is contended that the petitioner is estopped from litigating his right of occupancy under the ordinance by his attornment of rent to the grantee Gladys Siler. The respondents, as we find, did not rely upon the alleged attornment in accomplishing the forced entry and ouster on October 13. The letters of alleged attornment were dated October 24 and November 7, hence the element of reliance necessary to constitute the equitable estoppel asserted is lacking. (*Bankruptcy Of Thomas Spencer,* 6 Haw. 134; *Kapiolani Estate* v. *Thurston,* 17 Haw. 312.)

Respondents contend that relief was precluded since the petitioner did not "come into court with clean hands." This contention is predicated upon the payment of $150 in the district court proceeding for rental due to October 12, and the nonpayment of rental due to November 12. Respondent Wong admits discussion with the petitioner concerning the rent-free tenancy proposal, although denying the existence of any such agreement. We find that petitioner's failure to tender the rental arrears for the period September 12 to October 12 until suit was filed, was based upon his belief that by the terms of the rent-free agreement he was not required to do so. "A wrong which has been righted may not be pleaded against a party to a suit in equity who was guilty of the wrong, on the theory that the party charged therewith is in court with 'unclean hands.' Therefore, one who has asserted the wrongful nature of an act, and recovered damages in a court of law for the injury from the perpetrator thereof, cannot, under the principle of this maxim, set up the wrong in a suit in equity arising out of the transaction in connection with which the wrong

was committed." (Ann. 4 A. L. R. 59; *Loy* v. *Alston*, 172 Fed. 90; *Lewis & Nelson's Appeal*, 67 Pa. 153; *McNair* v. *Benson*, 63 Ore. 66, 126 Pac. 20.) A litigant complaining of such wrong, must have suffered injury thereby, to invoke application of the doctrine. (*Lyman* v. *Lyman*, 90 Conn. 399, 97 Atl. 312, L. R. A. 1916 E, 643; *City of Chicago* v. *Stock Yards Co.*, 164 Ill. 224, 45 N. E. 430, 35 L. R. A. 281; *American Assn., Limited* v. *Innis, &c.*, 109 Ky. 595, 60 S. W. 388.) Respondent Wong had recovered such rentals as were due at the time of filing of the injunctive proceedings, and that wrong, if any, has long since been righted. It is further apparent from the record that the forced eviction of petitioner was not motivated by his failure of tender, but by a desire on the part of the Silers to assert their possessory rights under the unrecorded transfer.

The doctrine is inapplicable.

Respondents contend that the petitioner failed to establish the verbal agreement of rent-free tenancy and that this proof was indispensable to the relief sought. Its existence was at issue upon respondent Wong's denial. The trial judge found that if they had in fact entered into the agreement, they had repudiated it by their subsequent conduct; and that petitioner, having established his right of occupancy under the ordinance, his possessory right had been summarily violated by the forcible eviction. To entitle petitioner to the relief prayed for, he was not required to establish allegations not material to the cause of action pleaded. It is sufficient if the substance of the asserted cause is sustained by a preponderance of the evidence. (*Edward Hines Yellow Pine Trustees* v. *Stewart*, 46 F. [2d] 910; *Harper* v. *Griffin Lumber Co.*, 250 Ala. 339, 34 So. [2d] 148; *St. Clair* v. *State Highway Board*, 45 Ga. App. 488, 165 S. E. 297; *Cotten* v. *Heimbecher*, 48 S. W. [2d] 402 [Tex. 1932].)

It is contended that the trial judge's refusal to deter-

mine that the conveyance from respondent Wong to her daughter vested title in the latter constituted error. No necessity for this finding existed where, under the issues, relief was predicated upon a determination of whether the transfer was fraudulent or ineffective as to those within the protective provisions of the statute and the ordinance. Both are explicit in their application, and we find upon the record that the petitioner established himself within that class.

It is contended that petitioner's failure to establish the damages alleged and the conversion of the missing property by respondents themselves constitutes error. Damages were awarded upon a showing that certain of petitioner's belongings were missing and unaccounted for as a result of being removed from the residence to the garage. This finding was predicated upon the circumstances initiated by respondents' forced entry which culminated in the losses alleged.

The record bears ample evidence warranting the conclusion that it was not the intent of respondent Wong to effect a bona fide gift of the premises to her daughter: that the grantee's statement that her mother was to turn the property over when "I paid her, or arrangements made," later followed by her unqualified statement that the conveyance was intended as a gift; that no other gift of a similar nature was made by the respondent Wong to any of her other children; that the transfer was unrecorded; and that rental collections were made by the grantor subsequent to the transfer.

The removal of petitioner's property to the garage constituted, in the circumstances, an actionable grievance of a nature necessitating neither allegation nor proof that the missing property had been converted by the respondents themselves during the period of temporary ouster. Petitioner was, upon the showing made, entitled to recover such

damages as reasonably flowed from the circumstances. (1 Sutherland, *Damages* [4th ed.] § 16, p. 52.) We concur in the trial judge's finding that the petitioner was not negligent in minimizing damages.

When, in an equity proceeding, issues of fact are determined by the trial judge upon the credibility of witnesses and the weight of conflicting testimony, such findings are entitled to great weight (*Hung C. Ching* v. *Fook H. Tong, Et Als.,* 38 Haw. 616; *Jellings* v. *Garcia,* 29 Haw. 698; *Hospital* v. *Wodehouse,* 33 Haw. 846.), and we find nothing in the record before us warranting reversal of the findings made.

The decree is affirmed.

*R. D. Welsh* (also on the brief) for respondents-appellants.

*S. P. King* and *H. K. H. Lee* (*King & McGregor* on the brief) for petitioner-appellee.