HONOLULU MEMORIAL PARK, INC., A HAWAII
CORPORATION *v.* CITY AND COUNTY OF HONOLULU,
A MUNICIPAL CORPORATION.

No. 4576.

DECEMBER 29, 1967.

RICHARDSON, C.J., MIZUHA, MARUMOTO,
ABE AND LEVINSON, JJ.

OPINION OF THE COURT BY ABE, J.

This is an appeal from a judgment of the Circuit Court of the First Judicial Circuit granting a directed verdict in favor of the plaintiff-appellee in an ejectment action. The appellant, City & County of Honolulu, a municipal corporation of the State of Hawaii, constructed a sewer line under what is now appellee's land in 1947 or 1948. The land was at that time and has at all times been registered under the Land Court Registration Statute.

Although it is vested with the power of eminent domain, the appellant has not instituted condemnation proceedings to acquire an easement in the property in question. Furthermore, because the City and County has not acquired an easement for a sewer line, the certificate of title contains no notation of the existence of the sewer line.

The appellee herein acquired the property through mesne conveyances in 1961 and filed an ejectment action in 1962, alleging that the appellant was maintaining an underground sewer line across its land without the appellee's permission and without an easement therefor, and that the certificate of title did not note such an encumbrance.

At the conclusion of the presentation of evidence by the parties, both moved for a directed verdict. Appellant's motion was denied and appellee's was granted. The court thereupon rendered a judgment ordering the removal of the sewer lines.

During the course of the trial, the appellant sought to establish the legality of its entry upon the land by means of a document entitled "Consent to Enter" signed by one Geoffrey Clive Davies, nephew of the then owner of the land, Theophilus Clive

Davies. An objection to the admission of such document into evidence was sustained on the ground that a proper foundation for its admission had not been laid. The document was not only unregistered, but the appellant had made no showing that Geoffrey Clive Davies had signed the document in question under a Power of Attorney or as an agent for his uncle. Appellant alleges error on the part of the trial judge in refusing to admit the Consent to Enter.

The record discloses that Theophilus Clive Davies conveyed the property in question to Geoffrey Clive Davies in 1951, and both Theophilus and Geoffrey were predecessors in title of the appellee. It is appellant's contention that the Consent to Enter should have been admitted to show the consent of either Theophilus or Geoffrey in such a manner as to bind the appellee.

Section 342-92, R.L.H. 1955, requires a power of attorney for dealing with registered property to be filed with the Assistant Registrar of the Land Court. Section 190-1, R.L.H. 1955, a Statute of Frauds provision, requires that documents transferring any interest in land be in writing and signed by the person to be charged therewith and that if they are signed by another on his behalf, the authorization of such other also be in writing. The appellant was given ample opportunity during the trial to produce a power of attorney or any written evidence of authorization but failed to do so.

It should also be noted that Geoffrey could convey no rights in the property in question at the time he signed the document as he was a stranger to the title. The record indicates that the property was not conveyed to him until two or three years thereafter. We are of the opinion that the proffered document was incapable of furnishing a legal basis for the presence of the sewer line on appellee's land and was properly excluded by the trial judge.

Perhaps most significant in the disposition of this appeal is Section 342-42, R.L.H. 1955, which provides that one who takes a certificate of title to registered land for value and in good faith shall hold the land free from all encumbrances except those noted on the certificate and specific statutory exceptions not applicable

in the instant case. Clearly, any right claimed by the appellant to occupy any part of the appellee's premises would be an encumbrance thereon within the meaning of the above-mentioned statutory provision. That the appellee took the property for value has never been disputed. Furthermore, as has already been stated, the certificate of title to the property in question contained no notation relating to a sewer line easement. The trial court properly granted a directed verdict for the appellee. We believe the policy of the statute is to preserve the integrity of titles by requiring all encumbrances to be registered in the prescribed manner if they are to have any legal effect. *Land Title, Bishop Trust*, 35 Haw. 816 (1941).

Appellant contends that the trial judge committed prejudicial error in refusing to permit it to introduce evidence to show that the appellee and its predecessors in title had knowledge of the presence of the sewer line and thus did not take the certificate of title in good faith and therefore appellee is not entitled to the protection of the title registration statute.

It is our opinion that the trial court properly refused to admit evidence of such knowledge because knowledge of an unregistered encumbrance does not disqualify the holder of a certificate of title from the protection afforded him by the title registration statute. In *Land Title, Bishop Trust, supra*, this court, in defining good faith as used in our title registration statute stated at page 825:

> "If, as we hold, a certificate of title is unimpeachable and conclusive except as otherwise provided by law, it would be illogical to say that it may be impeached if the purchaser for value had knowledge of an existing unregistered encumbrance. To do so would be to rob a certificate of title of its conclusive and unimpeachable character and place it in the same category as the ordinary record in the bureau of conveyances. If the intent and purpose of the law pertaining to the registration of land titles is to be preserved, the integrity of certificates of title must be scrupulously observed and every subsequent purchaser of registered land who takes a certificate of title for value, except in cases of fraud to which he is a party, is en-

titled under the provisions of section 5041 to hold the same free from all encumbrances except those noted on the certificate and the statutory encumbrances enumerated."

Reaffirming that position, we conclude that appellee in the instant case took the certificate of title in good faith and for value and is entitled to the protection of Section 342-42 as against the holder of an unregistered encumbrance.

The appellant further contends that an unregistered right in registered land is not a nullity by virtue of Section 342-41, R.L.H. 1955, and the decision of this court in *Waterhouse* v. *Capital Investment*, 44 Haw. 235 (1960). It argues that unregistered equitable rights may be asserted against the holder of a certificate of title to registered land and seeks to impose an equitable estoppel on the appellee as a defense to this action. We cannot agree with that contention.

Assuming arguendo that the appellant does possess equitable rights in the instant controversy, we nevertheless do not believe that Section 342-41 allows the assertion of unregistered equitable rights under the circumstances of this case. Section 342-41 provides in its pertinent parts that:

"Registered land, and ownership therein, shall in all respects be subject to the same burdens and incidents which attach by law to unregistered land. Nothing in this chapter shall in any way be construed * * * to change or affect in any way any other rights or liabilities created by law and applicable to unregistered land; except as otherwise expressly provided in this chapter."

There is, of course, no express indication as to whether or not the above-quoted provision contains within its purview such rights as are asserted here by the appellant. The *Waterhouse* case, *supra*, which is the only authority cited by the appellant, merely raised the issue without deciding it.

Indeed, to allow the assertion of unregistered rights, be they legal or equitable, would be to subvert the obvious intent and purpose of the title registration system. The integrity of titles can only be preserved if anyone dealing with registered property

is assured that the only rights or claims of which he need take notice are those which are registered in the prescribed manner. If for that reason alone, the provisions of the title registration statute must be allowed to prevail over any contravening doctrine of the common law. See *Akagi* v. *Oshita*, 33 Haw. 343 (1935).

We are of the opinion that Section 342-42 should be given its intended literal effect and that one who takes a certificate of title to registered land for value and in good faith should hold the property free from all unregistered encumbrances, legal or equitable, except as therein provided. Furthermore, Section 342-47, R.L.H. 1955, expressly precludes the acquiring of any title, right or interest in or across registered land by adverse possession or prescription. It must be concluded, then, that the presence of appellant's sewer line, albeit underground, has unlawfully deprived the appellee of the unrestricted possession of its premises. Under these circumstances, ejectment is the proper remedy for restoration to the appellee of that part of its premises from which it has been ousted, notwithstanding the power of eminent domain vested in the appellant-city and county. *Peter* v. *City and County*, 35 Haw. 225 (1939).

Finally, appellant alleges error in the refusal of the trial judge to admit evidence of the value of the property in question at the time the sewer line was originally constructed. This is solely an action in ejectment; it does not in any way include condemnation of property. Thus, evidence relating to valuation is immaterial in this proceeding and the trial judge properly excluded such evidence.

Judgment affirmed.

*Richard Y. C. Au*, Deputy Corporation Counsel, City & County of Honolulu, (*Stanley Ling*, Corporation Counsel, with him on the briefs) for defendant-appellant.

*Frank D. Padgett* (*Padgett & Greeley* of counsel) for plaintiff-appellee.