PACKAGING PRODUCTS COMPANY, LIMITED, Plaintiff-Appellant *v*. TERUYA BROTHERS, LIMITED, Defendant and Third-Party Plaintiff-Appellee, *v*. MARGARET PAU SIM CHOY, SAMUEL DAI LUN CHOY and KAM CHEW WONG, Third-Party Defendants

NO. 5886

FEBRUARY 6, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY MENOR, J.

This is basically an action for cancellation of a deed from third-party defendants Samuel Dai Lun Choy and Margaret Pau Sin Choy to defendant-appellee Teruya Brothers, Limited. On motion of Teruya Brothers, the trial court entered summary judgment against plaintiff-appellant Packaging Products Company, Limited.

In 1948, third party defendants Kam Chew Wong and Samuel Dai Lun Choy entered into a business partnership under the firm name and style of "Wong and Choy Enterprises." In 1953 they purchased certain beachfront property at Laie, Hawaii, under a deed recorded in the bureau of conveyances, describing them as co-partners doing business as aforesaid. The land (Lot 58) was and is registered in the land court and consists of 8,411 square feet. Transfer Certificate of Title No. 55,578 for this parcel was issued to them as co-partners by the land court on July 23, 1953. By correction deed, dated September 23, 1954, and recorded in the bureau of conveyances, Wong and Choy, as partners, acquired from the same grantor an additional 242 square feet of land which

had been inadvertently omitted from the 1953 deed. This land (Lot 58-A) is not registered with the land court, but it provides frontage and access to the registered land previously acquired.

On December 30, 1955, Wong and Choy formed the plaintiff corporation. Up to December 31, 1962, they were the only capital stockholders of the company. On December 31, 1955, they, as partners, executed a bill of sale conveying to Packaging Products "all of our rights, title and interest in and to that certain business known as WONG and CHOY ENTERPRISES, a general co-partnership, and all the property and assets, personal and mixed, of whatsoever nature and description and wheresoever situated, and all the rights, franchises and privileges to the Transferors in the business hereinabove mentioned including all freehold, leases, choses in action, . . . and other assets, property of every kind as of the 31st day of December 1955." The partnership was then dissolved, effective December 30, 1955.

On June 9, 1960, by deed recorded in the bureau of conveyances, Wong and Choy conveyed both parcels in controversy to Choy and his wife, Margaret. Transfer Certificate of Title No. 80,413 for Lot 58 was issued to the grantees by the land court on June 29, 1960. On September 23, 1960, Choy and his wife sold and by deed conveyed both parcels to Teruya Brothers, Limited, and on September 27, 1960, the land court issued to Teruya Brothers Transfer Certificate of Title No. 81,470 for Lot 58. In neither of these transfer certificates is the bill of sale of December 31, 1955, from Wong and Choy to Packaging Products mentioned. It is this conveyance from Choy and his wife to Teruya Brothers which Packaging Products sought in the court below to have set aside and declared null and void.

On motion of Teruya Brothers the trial court ordered the entry of summary judgment in its favor. The judgment was predicated upon the finding by the court that neither of the parcels in controversy was conveyed by the bill of sale. In reviewing the record, we find that the circuit court correctly decided the issue regarding Lot 58 (the registered land) but

that it erred with respect to Lot 58-A (the unregistered parcel).

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Cane City Builders, Inc. v. City Bank of Honolulu,* 50 Haw. 472, 443 P.2d 145 (1968). Where, however, the evidence is fairly susceptible to conflicting interpretations, even though the operative facts themselves are not in dispute, there is a genuine issue of a material fact and the motion for summary judgment will be denied. *Webb v. Allstate Life Ins. Co.,* 536 F.2d 336 (10th Cir. 1976); *Johnson v. Helicopter & Airplane Services Corp.,* 389 F.Supp. 509 (D.Md. 1974). Not only must there be no dispute as to the basic facts but there must also be no reasonable controversy as to the inferences which may properly be drawn from them. *American Fidelity & Cas. Co. v. London & Edinburgh Ins. Co.,* 354 F.2d 214 (4th Cir. 1965).

In concluding that no real property was conveyed by the bill of sale, the trial court was obviously influenced by the preamble in the bill of sale reciting, "WHEREAS, We, SAMUEL D. L. CHOY and KAM CHEW WONG, are the lawful owners of all the personal properties located at 1159-E Kapiolani Boulevard, Honolulu, City and County of Honolulu, Territory of Hawaii, of the business known as "WONG and CHOY ENTERPRISES", a general co-partnership;" and by the affidavits of Wong and Choy which averred that the bill of sale was not intended to convey the Laie parcels to Packaging Products. The granting clause of the bill of sale, however, purported to convey to Packaging "all of our rights, title and interest in and to that certain business known as WONG and CHOY ENTERPRISES, a general co-partnership, and all the property and assets, personal and mixed, of whatsoever nature and description and wheresoever situated, and all the rights, franchises and privileges to the Transferors in the business hereinabove mentioned including all freehold, leases, choses in action, . . . and other assets, property of every kind as of the 31st day of December 1955." The intention of the parties is to be ascertained from

an examination of the entire document. *De Freitas v. Trs. Campbell Est.*, 46 Haw. 425, 380 P.2d 762 (1963). There was no reservation or exception made regarding Lots 58 and 58-A which were clearly assets and property of the partnership. The language of the granting clause was sufficiently broad and definite to include all partnership assets and property. *See Texas Consolidated Oils v. Bartels*, 270 S.W.2d 708 (Tex. Civ. App. 1954); *Wilson v. Boyce*, 92 U.S. 320, 23 L.Ed. 608 (1875). *See also* Annotation, 55 A.L.R. 163 (1971). Moreover, Packaging Products, the vendee under the bill of sale, was obligated thereby to assume and to pay "all debts and liabilities of said business of every kind and nature" existing as of December 31, 1955. As of that date there was in existence a partnership debt to Territorial Building and Loan Association, which was secured by a mortgage of the Laie property. Additionally, in their affidavit attached to their Articles of Association filed with the office of the then Treasurer of the Territory of Hawaii on December 30, 1955, Wong and Choy represented that "more than ten (10) percent of said authorized capital stock will be paid in property by the conveyance to said corporation of all the freehold, leasehold premises, plant, machinery, stock in trade of or connected with the business of WONG and CHOY ENTERPRISES, now carried on by the said SAMUEL D. L. CHOY and KAM CHEW WONG in Honolulu, City and County of Honolulu, Territory of Hawaii." Wong and Choy were listed in the affidavit as the only subscribers for the authorized capital stock of the newly-formed company. The bill of sale to the corporation was executed on December 31, 1955. On this state of the record, it was improper for the trial court to conclude, as a matter of law, that the bill of sale did not convey to Packaging Products any of the parcels in controversy.

It was incumbent upon the trial court to view the evidence in the light most favorable to the party opposing the motion for summary judgment and to resolve all material ambiguities and disagreements against the movant. *Webb v. Allstate Life Ins. Co., supra.* Whether the bill of sale was intended to convey only the personalty of the partnership, or whether it

was intended to convey all of its property, both real and personal, was a question of fact to be resolved by the factfinder. *Cf. American Fidelity & Cas. Co. v. London & Edinburgh Ins. Co., supra; Webb v. Allstate Life Ins. Co., supra.* If the trier of fact finds upon remand that all of the partnership realty was intended to be conveyed to Packaging Products by the bill of sale, then the conveyance of Lot 58-A (the unregistered land) to Teruya Brothers would have to be set aside.[1] The latter was chargeable with notice of the bill of sale which was recorded pursuant to the provisions of HRS Chapter 502. *In re Nelson,* 26 Haw. 809 (1923). *Cf. Texas Consolidated Oils v. Bartels, supra.*

Lot 58, however, which was registered with the land court, requires a different treatment. The bill of sale, while recorded with the bureau of conveyances, did not operate as a conveyance of this particular parcel to Packaging Products. The document was never registered in accordance with the land court registration statute.[2] Further, one who takes a certificate of title to registered land for value and in good faith holds the land free from all encumbrances except those noted on the certificate and those enumerated in the statute. HRS § 501-82. *See also Honolulu Memorial Park, Inc. v. City and County of Honolulu,* 50 Haw. 189, 436 P.2d 207 (1967); *In re*

---

[1] We are not hereby foreclosing consideration of other issues which might properly come before the trial court upon remand, the resolution of which could possibly lead to a contrary result.

[2] HRS § 501-101 provides:

"An owner of registered land may convey, mortgage, lease, charge, or otherwise deal with the same as fully as if it had not been registered. He may use forms of deeds, mortgages, leases, or other voluntary instruments like those now in use and sufficient in law for the purpose intended. *No deed, mortgage, or other voluntary instrument, except a will and a lease for a term not exceeding one year, purporting to convey or affect registered land, shall take effect as a conveyance or bind the land, but shall operate only as a contract between the parties, and as evidence of authority to the registrar or assistant registrar to make registration. The act of registration shall be the operative act to convey or affect the land, and in all cases under this chapter the registration shall be made in the office of the assistant registrar in the bureau of conveyances,* . . ." (Emphasis added)

*Land Title, Bishop Trust,* 35 Haw. 816 (1941); *Ellis v. J-R-M Corporation,* 324 F.Supp. 768 (D. Hawaii 1971). The bill of sale was not mentioned in the transfer certificate issued to Teruya Brothers. Neither was it noted on the Choys' certificate of title. Teruya Brothers was not required to look beyond its grantor's certificate, and its knowledge, actual or constructive, of the earlier bill of sale would have no effect upon its status as a good faith purchaser for value of Lot 58. *In re Land Title, Bishop Trust, supra; Honolulu Memorial Park, Inc. v. City and County of Honolulu, supra; Ellis v. J-R-M Corporation, supra.* This rule is consistent with the statutory objective of assuring the integrity of land titles registered pursuant to the statute.

> "If the intent and purpose of the law pertaining to the registration of land titles is to be preserved, the integrity of certificates of title must be scrupulously observed and every subsequent purchaser of registered land who takes a certificate of title for value, except in cases of fraud to which he is a party, is entitled . . . to hold the same free from all encumbrances except those noted on the certificate and the statutory encumbrances enumerated." *In re Land Title, Bishop Trust, supra,* at 825.

Affirmed in part and reversed and remanded in part.

*Mitsuyo Uyehara* for plaintiff-appellant.

*Douglas W. MacDougal (Ashford & Wriston,* of counsel) for defendant-appellee.