# CHARLESTON

### ADAMS *v.* SUPPLY COMPANY.

Submitted January 15, 1907.    Decided February 26, 1907.

1. ACTION—*Splitting of Causes.*
   > Chapter 50, section 48, Code, does not require one having several demands on contract to include in one suit demands not due at its date.  (p. 402.)

Error to Circuit Court, Randolph County.

Action by A. D. Adams against the International Supply Company.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

JAMES A. BENT, for plaintiff in error.

W. B. MAXWELL and D. H. HILL ARNOLD, for defendant in error.

BRANNON, JUDGE:

Adam D. Adams trading as the Adams Planing Mill Company brought action before a justice against the International Supply Company and recovered a judgment, and the case was appealed to the circuit court of Randolph county, and upon a verdict of a jury that court rendered judgment for Adams and the Supply Company has brought the case to this Court.

Adams and the Supply Company made an oral contract by which Adams agreed to dress and reload on cars lumber sent to Adams by the supply company.   Adams sued for dressing 20,061 feet of lumber, charging $100.31.   This is the ground of the judgment involved in this case.   In the circuit court the supply company pleaded *non-assumpsit* and former adjudication, and the case was tried by a jury.   The case turns on the plea of *res judicata,* and the defense that Adams had, on 21st July, 1905, brought a former action before a justice, and ought to have sued in it for the claim involved in the second action, which was brought 28th July, 1905, and that not having sued for it is barred from recovery in this action by section 48, chapter 50, Code, providing that

where the plaintiff has several demands on contract he must bring his action for all or be barred as to those not sued on.

As to the plea of *res judicata.* When Adams had dressed part of the lumber and put it on cars to be sent to the supply company he brought the first suit. A few days after its institution he filed an account before the justice for various items of lumber dressed including the lumber for dressing which the second action was brought; but on the trial, as the account on its face shows by later date that the lumber involved in the second suit had been loaded or dressed after the commencement of the first suit, the justice refused judgment for it and dismissed the suit as to this item, without prejudice to the right of Adams to bring another suit for it. In the circuit court on appeal in the first action an amended account was filed by Adams, which does not include the lumber sued for in the second suit, and it could not have been involved on the trial of the first appeal in the first action, as it was not in the account. The judgment in the first action, if there was one, is not in the record, but it could not have included this item of $100.31, as it was not in the account tried on the first appeal. There can be no former adjudication from the justice's judgment, first, because right was reserved to sue on this item, the case being dismissed as to it; second, because the appeal set aside the justice's judgment. There can be none from judgment on the appeal, first, its record is not before us; second, the item is not in the account. Therefore, there can be nothing in the plea of former adjudication.

Is the second suit barred by omission to sue in the first action for the demand sued for in the second? It is admitted on both sides that Adams was to receive, dress and *reload* on cars the lumber, and that being so he could not maintain an action, on the contract, I say *on* the contract, until he had reloaded. Whether he had right of action for the lumber of each loaded car, when loaded, or must wait until he finished all the lumber committed to him, we do not say. We do not say whether he could bring the first suit until then. We have nothing to do with the first suit in that respect. This is a suit *on* the contract for part of the lumber dressed after the contract had been completed. Probably, by the contract, as no time of payment was fixed, Adams could sue for

each car.   There was a fixed sum per  thousand  feet for the
work.   As no time for payment was in words fixed, we may
say, Adams could demand pay when each car was loaded.
Adams swore he was then entitled to pay. .. It is not splitting
one demand into pieces and suing on each, because it was not
all due at date of the first suit.     If at that date all was due,
then this suit would be defeated for such splitting.   *Hale* v.
*Town*, 40 W. Va. 313.   The pay for the work not being due
when the first suit began, even if  no part of  it was demand-
able when that suit began, it would not come under the prin-
ciple of that case, but would be only premature suit on *part* of
the demand, a fact pleadable in bar of that suit.   There is no
plea under Code, section 48, chapter 50,  as  plea  of  former
adjudication does not cover  it; but no formal  plea is neces-
sary in a justice's court and likely not  on  appeal.   It is ar-
gued that when Adams  brought his first suit, though he had
not then loaded the lumber for  which  the  second  suit  was
brought, yet he could then have  sued  for  it  on  the  theory
that he had by dressing the lumber  substantially  performed
the work and could have sued  for  what he had done, on a
*quantum meruit*, and therefore should have sued for it in the
first suit.   This is not tenable.     That  would  have  required
him to break his contract by  omitting to do a very essential
part of it, that is,  loading the lumber  for  shipment to its
owner.   He would have been  liable to damages for so doing.
His price could have been recouped.   He  had  perfect  right
to go on and  complete his contract and sue on it for the full
·sum stipulated for the work.    Therefore, he  was  not bound
until he had done so to sue for  dressing the lumber involved
in this suit, because the  Code says that one having  several
demands need not  include all unless  "due and  payable" at
the time the action is brought.     Again, it is argued that the
contract involved the mere personal service of Adams, and
that he could have sued for  that before loading the lumber.
The same answer can be made, that is, that he  had  right to
go on, to complete his  personal service by ·loading the bal-
ance of the lumber, instead of breaking off before so doing.
But there is nothing in this idea of personal service.   If it
could make any difference, I say it is not a  demand for per-
sonal  service,  but for  work and labor.   So, in any view,
Adams could not sue, or need not sue, until he had completed
his contract by loading the lumber.

It is claimed that in fact the lumber had been loaded when the first action was brought. The account filed in it shows on its face a date for this lumber three days after the institution of that suit. Why would Adams defeat himself by putting that date, if it were false? The fact that he included that item in the account is due to advice of counsel and to the fact that when he filed it, 27th July, he had loaded this lumber. Upon all the evidence the jury and circuit court have found that when the first action was brought Adams had not loaded the carload of lumber involved in the second action. We cannot find otherwise. Indeed the evidence plainly shows that this lumber had not been loaded at the date of the first action.

The defendant asked the court to instruct the jury that though the plaintiff was to unload, dress and reload the lumber, yet, if the plaintiff had dressed all the lumber of the defendant at the date of the first action he would have had a right of action on that date for the work of dressing the lumber, notwithstanding part had not been loaded. Both sides concede that Adams' contract called for reloading, therefore this instruction is bad. Adams had right to go on and complete his contract, and not to sue until he had done so for this lumber. The instruction asked further the court to say that if Adams elected to bring his first suit for the whole stipulated work, including reloading, that was matter of defense for the defendant, if all the lumber had not been reloaded, and barred if not relied on by the supply company in the action, and that the jury should find for the defendant if the item of $100.31 "sued for and a part of the account of the plaintiff in his action against the defendant instituted July 21, 1905." That part of the instruction is bad. It would require Adams to break his contract before completion, to assume that the supply company would not take advantage of the breach, and compel Adams to do so, when he had right to go on and complete the contract, and that unless he did stop he would lose his right of action. Besides, the instruction is so vague that a jury would not understand it. If anything in a trial should be clear and distinct and free from ambiguity as to be understood by the plain men of a jury, it is instructions. *Parkersburg Indus. Co.* v. *Schultz*, 43 W. Va. 470. And besides under the evidence I do not see

how the jury could have found according to the instruction. *Ward* v. *Brown*, 53 W. Va. 230. It is immaterial in the case. But in truth the instruction is not sound in law, as applied to the evidence.

Our conclusion is to affirm the judgment.

*Affirmed.*