ADVANCE LAMP SHADE CORPORATION, Appellant, *v.* JOSEPH BLOOM and Another, Copartners, Doing Business under the Firm Name and Style of CONSOLIDATED GAS IRON CO. AND CO-OPERATIVE SPECIALTY CO., Respondents.

Supreme Court, Appellate Term, Second Department, June 6, 1925.

**Pleadings — joinder of actions — allegation embracing breach of contract set out in plaintiff's second cause of action, having arisen when first cause of action was commenced, should have been embraced in said first cause of action.**

A cause of action, commenced after a breach sued for in a second cause of action had occurred, should have embraced all the breaches then existing, and the actions should have been joined, since the causes of action arose out of the same contract.

APPEAL from a judgment and order of the Municipal Court, Borough of Brooklyn, Sixth District.

*Frank Wasserman,* for the appellant.

*Daniel Handler,* for the respondents.

PER CURIAM:

Judgment affirmed, with twenty-five dollars costs.

The causes of action in the first action and in the present action arose out of the same contract. When plaintiff instituted the first

action, the breach sued for in the second action had occurred. The first action should have embraced all the breaches then existing. (*Bendernagle* v. *Cocks*, 19 Wend. 207; *Pakas* v. *Hollingshead*, 184 N. Y. 211, 215; *Secor* v. *Sturgis*, 16 id. 548, 554; *Goldberg* v. *Eastern Brewing Co.*, 136 App. Div. 692, 693; *Henderson Tire & Rubber Co.* v. *Wilson & Son*, 235 N. Y. 489, 497.) The correctness of the decisions in *Peruvian Panama Hat Co.* v. *Marcus* (164 N. Y. Supp. 821) and in *Rusch* v. *Klausner* (117 id. 1074) seems to be questioned by the opinion in the later case of *Hutt* v. *Hausman* (118 Misc. 448) in the same court.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.