## BADGER v. BADGER.

No. 4482.  Decided March 21, 1927.  (254 P. 784.)

*Willard Hansen* and *A. H. Hougaard,* both of Salt Lake City, for appellant.

*Badger, Rich & Rich,* of Salt Lake City, for respondent.

HANSEN, J.

The plaintiff brought this action against the defendant in the district court of Salt Lake county for the purpose of securing a decree of divorce from the defendant. The plaintiff and the defendant have been married a little less than two years and there are no children issue of the marriage. Various acts of cruelty are alleged by the plaintiff as a basis for the relief prayed. The defendant filed an answer denying any acts of cruelty on her part. She also filed a cross-complaint where she alleges that the plaintiff has been guilty of various acts of cruelty towards the defendant. She further alleges that the plaintiff owns real and personal property of the value of $100,000 or more, that the property owned by plaintiff consists of the Oxford Apart-

ments, situated at 119 West North Temple street, the Roselyn Apartments, situated at 853 South Fourth East street, a double house situated at Nos. 1072 and 1074 East Seventeenth South street, all in Salt Lake City, Utah, and also certain large acreage of land situated near Holden, in Millard county, Utah; that the personal property belonging to the plaintiff includes a large stock interest in various corporations, among them being Ralph A. Badger & Co. and the Mt. Nebo Marble Company. She also alleged in her cross-complaint that the plaintiff received a salary of $300 per month and has a net income in excess of $300 per month. In her cross-complaint she prays judgment against the plaintiff for a decree of separate maintenance and an equitable proportion of the property belonging to the plaintiff.

To this cross-complaint plaintiff filed a reply, wherein he denies all acts of cruelty alleged by the defendant, except such acts as he alleges were justified under the circumstances.

After the issues were thus joined, the plaintiff and defendant entered into an agreement adjusting their property rights in the event the court in which the case was pending should grant a decree of divorce. Thereupon the defendant filed an amended cross-complaint, in which she omits some of the alleged acts of cruelty contained in her original cross-complaint, and further alleges that a property settlement has been had between plaintiff and defendant, and she prays judgment that the property settlement theretofore agreed upon be ratified and affirmed by the court and that she be granted a decree of divorce. The plaintiff filed no answer or other pleadings to the cross-complaint of the defendant.

The defendant offered evidence in support of her cross-complaint, and the court, at the conclusion of her evidence, made findings of fact, conclusions of law, and entered a decree of divorce in favor of the defendant and against the plaintiff. In the decree she was awarded the property provided for in the agreement theretofore entered into between the plaintiff and defendant. The property so awarded to the

defendant consisted of a contract for the purchase of the Roselyn Apartments on which there was a balance owing of $6,630.97 as of February 1, 1926, also a vacant lot 37x822 feet adjoining the Roselyn Apartments; also, $150 cash; rent due from a Mrs. Smith in the sum of $25; a court allowance for the month of February, 1926, amounting to the sum of $112; and an additional sum of $300 as attorneys' fee for defendant's attorneys.

The decree of divorce was signed and filed on February 23, 1926, and four days thereafter, February 27, 1926, a notice of application to set aside the decree of divorce was served upon the attorneys for the plaintiff, to which was attached a copy of a verifed petition stating the basis for said motion. This petition was filed on March 2, 1926. In the petition the defendant sets out that she had consented to take the Roselyn Apartments as the principal settlement of the property rights which she was to receive relying upon the representation of the plaintiff that the income from said property amounted to $140 per month, but that this property would not rent for to exceed $120 per month; that there was a balance due on the contract of purchase of said apartments in the sum of $6,630.97, payable $100 per month; and that if she is compelled to pay the taxes, repairs, and insurance, with a rental of only $120 per month, she will be unable to pay for the apartment house, and the contract of purchase will be forfeited.

To this petition an answer was filed denying the alleged representations, and upon these issues a hearing was had, and the court modified the decree of divorce to the effect that the plaintiff should pay to the defendant an additional $120, but otherwise the decree of divorce would remain in full force and effect. The hearing was had on March 4, 1926, and the modification of the decree was signed by the trial judge on March 10, 1926, and filed with the clerk on the day following.

On March 16, 1926, the defendant filed another petition for a modification of the decree of divorce, in which other

counsel appeared as her attorneys, and under date of May 22, 1926, by leave of court, an amended petition was filed by the defendant. This petition refers to and makes the original cross-complaint of the defendant a part of the petition and sets forth that the acts of cruelty alleged in such original cross-complaint are true. It is also alleged that at the time of filing the cross-complaint the plaintiff was the owner of the property therein mentioned and set out; that the Oxford Apartments were worth from $30,000 to $50,000; that the property situated at Seventeenth South and Eleventh East streets was of the value of $10,000; the equity of the plaintiff in the Roselyn Apartments was of the value of $1,500; the Millard county property was worth $3,000; that the plaintiff was the owner of a large amount of stock in the Ralph A. Badger & Co. and the same was of great value; that he received a salary of at least $300 per month; and that he was in receipt of at least the sum of $800 per month and was able to provide for the defendant according to her station in life. It is also alleged that there was owing upon the contract for the purchase of the Roselyn Apartments $6,600; that the rents derived therefrom did not exceed $120 per month; that $100 per month must be paid on the contract of purchase; that petitioner is unable to pay the sum of $100 per month in addition to the expenses of repairs, insurance, taxes, and other items of expense; and that unless she is granted additional relief she will lose the apartment house by forfeiture of the contract of purchase. The defendant further alleged that at the time the property settlement was had the plaintiff gave to her then attorneys a statement of his financial condition and his property, from which it was made to appear that the plaintiff was not able to pay the defendant any alimony; that said statement was false, in that the plaintiff was the owner of the property above mentioned; that the plaintiff further represented that the rentals of the Roselyn Apartments amounted to the sum of $140 per month and that they were in a good state of repair, and that the indebtedness owing on the contract of purchase was the

sum of $6,000, which said representations were false; that these false representations were so made with the intention that they should be acted upon by the defendant. It is also alleged that her then counsel, relying upon these false statements, informed her that they were unable to get a property settlement except the one that was later executed by the parties herein. It is also alleged that she informed her counsel that she would not consent to the proposed property settlement unless she received, in addition to the property mentioned, at least a few thousand dollars, and suggested $5,000 in cash. It is also alleged that she signed the property setlement and the amended cross-complaint for a decree of divorce, but that she did so in the courtroom while in an excited and abnormal state of mind, and did not then and there fully understand or appreciate her rights in connection with said divorce proceedings and did not understand that she was not to receive an additional $5,000. It is also alleged that the court was not fully advised of the cruel and inhuman treatment that she had received from the plaintiff, and if the court was fully advised in regard to such treatment the court should and would grant her a more favorable property settlement. Nowhere in the amended petition is there any allegation to the effect that she was not fully advised of the matters complained of by her in such amended petition at the time she filed her first petition for an amendment of the decree of divorce. The defendant in her amended petition prays judgment that the decree of divorce be vacated and set aside; that the alleged contract of property settlement be canceled and declared void; that the cause be set down for trial on her original answer and cross-complaint; that she be allowed a fair and reasonable amount of plaintiff's property, $200 per month as permanent alimony, and a reasonable sum for counsel fees and suit money, and for general relief.

To the amended petition the plaintiff filed a general and special demurrer and also a motion to strike the amended petition upon the grounds, among others, that said petition

is sham, irrelevant, and redundant, and that the amended petition is in all material respects the same as the petition filed on Feburay 27, 1926, and upon the further ground that the court was without jurisdiction to entertain the petition.

After arguments of respective counsel on the demurrer and motion to strike, the court entered its order striking the amended petition on the ground that the cause of action set forth in said amended petition has in all essential particulars been heretofore presented and petitioner has had her day in court and should have presented at one time all of the grounds claimed by her at the time she filed her petition on February 27, 1926, and also that there are no new matters alleged in said petition as having occurred since the entering of the original decree herein. It is from this order striking the amended petition that the appeal to this court is prosecuted, and the appellant assigns as error the granting of the motion to strike the amended petition for a modification of the decree of divorce and the denial of appellant's right to be heard upon the merits of her amended petition thus stricken.

As to the Roselyn Apartments, the record shows that the same matters which are set out in the amended petition which was dismissed were also set out in the first petition filed for the purpose of securing an amendment of the decree of divorce, upon which first petition a hearing was had and a modification of the decree of divorce was granted, except that the first petition did not recite that the plaintiff misrepresented the amount of indebtedness upon the contract of purchase of the Roselyn Apartments. The contract of property settlement signed by the parties hereto, however, does set forth that there was $6,630.97 still owing on the contract of purchase of the Roselyn Apartments as of February 1, 1926, and therefore the defendant must have known that this indebtedness existed against the property at the time the hearing was had and the divorce granted and also at the time she filed her first petition for an amendment of the decree of divorce. Defendant

having had one hearing upon her grievances with respect to the Roselyn Apartments, she, of course, is not entitled to another hearing upon the same matter. If she were dissatisfied with the court's determination of these matters her remedy was either by a motion for a new trial or by an appeal from the decision rendered. She, of course, could not totally disregard the judgment then rendered and proceed to again try by a separate pleading the issues theretofore heard and determined.

It is a well-settled rule of law, under both common-law and the Code system of pleading, that a party having one entire demand cannot split the demand up into separate causes of action. 1 Sutherland, Code Prac. & Forms, § 218; *Cooley* v. *Calaveras County*, 121 Cal. 482, 53 P. █ 1075; *U. S.* v. *Throckmorton*, 98 U. S. 65, 25 L. Ed. 93; 1 C. J. 1006; 1 Van Fleet's Former Adjudications, 204. In fact, as stated in the case of *U. S.* v. *Throckmorton*, supra:

"There are no maxims of the law more firmly established or of more value in the administration of justice than the two which are designed to prevent repeated litigation between the same parties in regard to the same subject of controversy, namely; Interest reipublicae, ut sit finis litium, and nemo [debit] bis vexari pro una et eadem causa."

To this well-established general rule, however, there are exceptions. If a person by accident, excusable neglect, or mistake, or by fraud on the part of his adversary and without any fault of the pleader, splits a single cause of action, an adjudication in respect to one will not bar a suit upon the other. 1 Van Fleet's Former Adjudications, 206; 1 C. J. 1009, and cases there cited. If however, the pleader is in possession of the means of ascertaining the full █ extent of his claim, and his failure to do so is due to his own fault or neglect, it would seem that upon both principle and authority the general rule against splitting applies. *Macon, etc. R. R. Co.* v. *Gerrard*, 54 Ga. 327.

In this case it is clear that the matters complained of by the defendant in her last amended petition constitute a single cause of action, namely, the alleged misrepresentation of

the plaintiff as to his inability to make a more favorable property settlement with the defendant than the one actually entered into. It affirmatively is made to appear that at the time the first petition was filed for a modification of the decree of divorce the defendant knew the contents of said decree and that she was to receive no property except that actually awarded to her. In the amended petition ■ which was stricken there is no allegation that she did not have the same knowledge about plaintiff's property and income at the time she filed her first petition that she had at the time she filed the stricken amended petition. Indeed, at the time she filed her first cross-complaint she alleges that the plaintiff was the owner of the same property and in receipt of the same salary and income as is again set out in the amended petition. Of course, it may be that the plaintiff by false and improper representations convinced the defendant that these claims made by her in her original cross-complaint were not true and that she is therefore entitled to have this matter again heard. In this case, however, in so far as is made to appear in the amended petition which was stricken, the appellant had as much knowledge about the plaintiff's property and income at the time she filed her first petition as she had at the time she filed the amended petition which was stricken. The reasons that form the basis for the rule against splitting the cause of action in a complaint must of necessity apply with equal force to a petition wherein a single ground of complaint is relied upon for the modification or a change in a judgment theretofore made and entered.

There is complaint made in the petition stricken that the appellant omitted from her second cross-complaint some of the acts of cruelty committed upon and towards her by the plaintiff, but she doubtless knew these at the time she filed her second cross-complaint and also at the time she filed her first petition for an amendment of her decree of divorce, and in any event it is very doubtful whether these matters have any bearing upon the amount of property to which she is entitled, in the absence of any claim that the omitted

alleged acts of cruelty affected her health or earning capacity.

Counsel for appellant seems to contend that the well-recognized rule against splitting a cause of action does not apply to a divorce proceeding. We are unable to see any good reason why a husband and wife should be given any more latitude in continuing their controversies in court than other litigants, except in cases permitted by our statute and under facts showing changed conditions, as held by this court in the cases of *Cody* v. *Cody*, 47 Utah, 456, 154 P. 952; *Chaffee* v. *Chaffee*, 63 Utah, 261, 225 P. 76; *Rockwood* v. *Rockwood*, 65 Utah, 261, 236 P. 457. In this case there is no claim made that there are any changed conditions coming within the rules laid down in the above cases.

From what has been said it follows that the amended petition which was ordered stricken does not allege sufficient facts to warrant the trial court in granting the defendant any further or additional relief. It is conceivable, however, that the defendant might have alleged and shown sufficient facts to have entitled her to a hearing and relief in the trial court upon those matters that were not heard and determined upon the first petition for an amendment to the decree of divorce. This brings us to the question of whether or not the trial court committed prejudicial error in striking the amended petition.

It is a well-settled rule of law in most, if not all, jurisdictions that courts do not look with favor upon the striking of pleadings, and a motion to strike a pleading will be granted only in a clear case. 31 Cyc. 616, and cases there cited. Generally, a pleading should not be stricken if it is susceptible of being amended so as to constitute either a cause of action or a defense. In this case we are not prepared to hold, and we do not hold, that the facts are such that the defendant as a matter of law could not properly have amended her amended petition in such a way as to entitle her to a further hearing upon the matters

not disposed of in her first petition for a modification of the decree of divorce; but we do hold that the facts alleged in the amended petition ordered stricken did not entitle her to a further hearing, and for the reason that it affirmatively appears that the appellant has had a hearing upon some of the matters complained about in her amended petition, and upon other matters complained of, no facts are pleaded which constitute a legal excuse for her failure to set them out in her first petition for a modification of the decree of divorce. Had the appellant herein desired to further amend her petition in the trial court, she doubtless would have been granted leave to amend, or if such leave had been refused, such refusal may well have been prejudicial error. It is not made to appear, however, either in the trial court, or this court, that the appellant desires to amend the petition stricken or that the same could, under the facts, be amended to entitle the defendant to any further relief for the reasons above set forth. Upon the record in this case the appellant stands in the same position that she would have been in had the general demurrer been sustained, and upon appellant refusing to further plead the petition dismissed. Such proceeding would have been more in accord with the practice of this and most other jurisdictions, unless indeed counsel for appellant stated to the trial court at the time of the argument that they did not intend to amend the petition which was stricken.

In any event, it is not made to appear that appellant was prejudiced by the striking of the amended petition, and therefore it follows that the order striking the amended petition of the defendant should be and the same is affirmed. Respondent to recover his costs.

THURMAN, C. J., CHERRY and STRAUP, JJ., and McCREA, District Judge, concur.

FRICK, J., absent on account of illness when submitted, and died before announcement of decision.