CREATIVE LEISURE INTERNATIONAL, INC., Plaintiff-Appellee *v.* RAYMOND X. AKI, Defendant-Appellant

NO. 5935

JUNE 14, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY MENOR, J.

This is an action on a foreign judgment. The plaintiff-appellee [hereinafter CLI] is a California corporation having its principal place of business in San Francisco. The defendant-appellant [hereinafter Aki] is a resident of Hawaii. Action was commenced by CLI in the superior court of California, and Aki was served with process in Hawaii under

California's long-arm statute. He did not file an answer and default judgment against him was entered in the sum of $8,000.00 plus $1,000.00 in attorney's fees. CLI then filed suit in the circuit court of the first circuit to recover on the California judgment. On CLI's motion for summary judgment, the circuit court entered judgment for similar amounts against Aki. From this judgment Aki appeals.

At issue is whether the assumption of in personam jurisdiction by the California court over Aki, pursuant to the California long-arm statute, comported with due process requirements. Three basic factors must coincide if the California court's jurisdiction over Aki is to be sustained and its judgment accorded full faith and credit: (1) Aki must have purposely done some act or consummated some transaction in California, the forum state, *Hanson v. Denckla,* 357 U.S. 235 (1958); (2) such activity must have given rise to, or was causally connected with the obligation sought to be enforced in the California court, *Gordon v. Granstedt,* 54 Haw. 597, 513 P.2d 165 (1973); and (3) the activity or contact must have been such that the maintenance of the suit in California would not offend traditional notions of fair play and substantial justice, *International Shoe Co. v Washington,* 326 U.S. 310 (1945). In determining whether the necessary minimum contact was established and whether the assumption of jurisdiction over Aki was consistent with traditional notions of fair play and substantial justice, consideration must be given to the quality, nature, and extent of the activity in the forum state. *Hanson v. Denckla, supra.* Obviously, whether the requirements of due process have been met in any given case will depend upon the facts of that particular case. *Kailieha v. Hayes,* 56 Haw. 306, 536 P.2d 568 (1975).

CLI was in the business of organizing travel packages which were then in turn sold by other travel agents and airline offices. One of these travel packages involved the rental of condominiums in connection with flights to Hawaii. Aki, through Hawaiian Home Visitor, Inc., (hereinafter HHV), a Hawaii corporation of which Aki was the sole stockholder, as well as president and general manager, was also engaged in

tourist-related activities in Hawaii. In August or September, 1969, Aki and the president of CLI were introduced to each other by one Victor DiSuvero in the latter's offices in San Francisco. This meeting eventually led to the formation of a series of written agreements between the parties. In all of these transactions, Aki was acting both as an individual and as a representative and sole stockholder of HHV. According to Aki all of these agreements were entered into and executed in Honolulu.

The first agreement, dated September 15, 1969, provided for the sale by Aki to CLI of ten shares of the stock in HHV which he owned, for the sum of $10,000.00, payable in installments of $2,000.00 each commencing on October 1, 1969. Additionally, CLI covenanted "to promote, sell, package and merchandise [HHV] visitor plans throughout the continental United States in coordination with travel agents and any and all airlines through which said promotion is marketable." Also pursuant to the agreement Aki delivered to CLI an "Irrevocable Proxy" appointing CLI his voting proxy with respect to the other fifty shares of HHV stock which he owned and which constituted 50% of the authorized capital stock of the corporation. The second agreement, dated October 10, 1969, involved HHV, Aki, Victor DiSuvero, and David Dixon, on the one hand, and CLI on the other, wherein the parties agreed to a joint venture in tourist-related activities, along essentially the same lines as the first agreement.

The third agreement, dated March 11, 1970, was a termination agreement entered into between CLI and Aki. It called for the termination of all business relationships between HHV and Aki and CLI arising out of, and by virtue of the agreements of September 15, 1969, and October 10, 1969. A basic provision was that Aki would refund the sum of $8,000.00 which CLI had paid to Aki for the ten shares of stock, and in return CLI would transfer back the stock to Aki.

Aki's principal contention is that inasmuch as the termination agreement was the basis upon which CLI's action in California was predicated, and since this agreement was negotiated and executed in Honolulu, the due process

requirement of minimum contact with California had not been met. *See Dragor Shipping Corporation v. Union Tank Car Company,* 361 F.2d 43 (9th Cir. 1966).

We are of the opinion, however, that where an agreement settling liabilities is necessarily connected with, and arises out of the prior dealings of the parties, such antecedent transactions are relevant to the issue of jurisdiction. *Cf. Consolidated Laboratories, Inc. v. Shandon Scientific Co.,* 384 F.2d 797 (7th Cir. 1967); *U.S. Ry. Equip. Co. v. Port Huron & Detroit R. Co.,* 495 F.2d 1127 (1974). The termination agreement in this case was the culmination of an ongoing course of dealings between the parties assertedly having its impact in both California and Hawaii. It was part and parcel of the overall agreement of the parties to engage in business activity affecting both States. We must look, therefore, to the conduct of the parties within the total framework of their various agreements to determine whether the necessary substantial connection with California has been established.

Relative to the September 15, 1969 agreement between CLI and Aki, the president of CLI in his affidavit avers that "Aki's operation in Hawaii was solely and completely financed by CLI out of San Francisco; CLI had no offices, employees or any other contacts in Hawaii; and the business [involving Aki and HHV] was solely run out of San Francisco, California." Regarding the October 10, 1969, agreement between HHV, Aki, DiSuvero, Dixon, and CLI, he avers that "all of the promotional work for the travel packages arranged by CLI were handled by CLI's main headquarters in San Francisco, at 111 Sutter Street;" that "all the advertising, printing, contracts with travel agents, airlines, reservations, accounting, billings, predeparture and post-arrival contacts with clients and any problems arising out of the travel arrangements were handled in San Francisco, California;" and that "Aki's only duties in Hawaii were to insure that the condominiums were available on the dates reserved and certain standards of quality control were maintained."

Assuming CLI's assertions to be true, and the business conducted for and in behalf of HHV and Aki in California was

in fact significant and substantial, we would have no difficulty in finding that the California court's exercise of in personam jurisdiction over Aki was in compliance with due process requirements. *See International Shoe Co. v. Washington, supra.* Under such circumstances, we think the requirement that "there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws," *Hanson v. Denckla, supra,* at 253, will have been amply met.

Aki, on the other hand, asserts in his affidavit that "during the interim months before the termination of the foregoing agreements, [he] managed and operated all of the affairs of HHV from Honolulu; all records and bookkeeping was done in Honolulu; that CLI was to do the promotional work on the continental United States, however, to [his] knowledge no work was performed." This brings into operation the oft-stated rule that where there are genuine issues of material fact, summary judgment will be denied. *Del Rosario v. Kohanuinui,* 52 Haw. 583, 483 P.2d 181 (1971). All of the agreements, at least according to Aki, were entered into and executed in Honolulu. Whatever negotiations took place in California, which led to the agreements, were not extensive. Unless, therefore, some meaningful and substantial activity affecting the forum state is shown to have been conducted by CLI in California in behalf of, and for the benefit of HHV and Aki, pursuant to the terms of the foregoing agreements, the California court's assumption of in personam jurisdiction over Aki cannot be sustained. *Cf. Gordon v. Grandstedt, supra.*

On the present state of the record, the question of whether or not there was such activity was not determinable on a motion for summary judgment.

Reversed.

*Rodney Kim* for defendant-appellant.
*John E. Parks* for plaintiff-appellee.