JAMES A. BOLTE, Plaintiff-Appellant, *v*. AITS, INC., a
corporation, Defendant-Appellee, and THI HAWAII,
INC., a corporation, Defendant.

NO. 5967

December 8, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

Plaintiff, Bolte, appeals from the judgment of the circuit court granting defendant AITS, Inc.'s motion for summary judgment and attorney's fees.

We reverse.

Plaintiff and defendant entered into an agreement whereby plaintiff was to receive from defendant a commission of 20% of the cost of the premiums of all insurance placed on a certain hotel. Defendant failed to pay plaintiff his first commission of $1458 and plaintiff filed his first action against defendant in the district court on July 2, 1971. After a judgment for defendant, plaintiff filed an appeal to the circuit court on December 30, 1971. A trial *de novo* took place in the circuit court on October 4, 1972, and resulted in a judgment for plaintiff.

On June 14, 1974, plaintiff filed a second action in the circuit court against defendant based on a second breach of the same insurance commission agreement at issue in the first action. Plaintiff alleged that defendant failed to pay plaintiff his $14,357 commission on subsequent insurance placed on the hotel.

There is conflicting evidence as to when plaintiff became aware of defendant's second breach. Plaintiff contends that he had no actual knowledge of the second breach until after June 23, 1973. Defendant argues that plantiff had constructive knowledge of the second breach no later than September 30, 1971, and actual knowledge no later than September 30, 1972. There is no evidence, however, as to exactly when this second breach occurred.

The circuit court granted defendant's motion for attorney's fees and summary judgment holding that plaintiff's second cause of action based on a second breach of the same contract at issue in the first action was barred by the doctrine of *res judicata*.

This appeal presents the sole issue of whether it was error for the circuit court to invoke the doctrine of *res judicata* to bar plaintiff's second action. We believe that it was error.

The rule against splitting a cause of action is an aspect of *res judicata* and precludes the splitting of a single cause of action or an entire claim either as to the theory of recovery or the specific relief demanded. The rationale for the rule is to prevent a multiplicity of suits and provide a limit to litigation. It exists to avoid harassment of the defendant, vexatious litigation, and the costs incident to successive suits on the same cause of action. *See generally* 1 C.J.S. Actions § 102(b), (c).

With respect to continuing contracts, however, the rule against splitting a cause of action will not prevent the bringing of successive suits based on successive breaches of the same continuing contract where the contract is not terminated by a single breach and each suit is brought after the subject breach but before a subsequent breach. *Id.* at § 103(b). *See also Eastland County v. Davisson*, 13 S.W.2d 673 (Tex. 1929). But, if at the time an action is commenced for a specific breach of a separable and divisible contract there exists other prior breaches of that contract which are not so independent of each other as to constitute separate and distinct causes of action, they are all parts of one, indivisible demand and must be included in the action or be barred. *In re Carlin's Estate*, 212 Md. 526, 129 A.2d 827 (1957); *Kruce v. Lakeside Biscuit Co.*, 198 Mich. 736, 165 N.W. 609 (1917); *Fidelity and Deposit Co. of Md. v. Brown*, 65 S.W.2d 1064 (1933); *Maloney v. McMillan Book Company*, 277 N.Y.S.2d 499, 52 Misc. 2d 1006 (1967); *Advance Lamp Shade Corp. v. Bloom, et al.*, 211 N.Y.S. 568, 125 Misc. 829 (1925); *Eastland County v. Davisson, supra. See also Okamura v. Advincula*, 26 Haw. 663 (1922).

Thus, for example, in *Adams v. International Supply Co.*, 61 W. Va. 401, 56 S.E. 607 (1907), plaintiff contracted with defendant to dress and reload on cars lumber sent to plaintiff by defendant. Plaintiff initially brought suit against defendant on July 21, 1905, based on defendant's breach of the contract in failing to pay plaintiff for work previously performed. On July 28, 1905, plaintiff brought a second suit against defendant based on the same contract. Again, this action was based on defendant's failure to pay plaintiff for his

services in dressing and reloading defendant's lumber. The court dismissed defendant's plea of *res judicata* and determined that plaintiff's first action did not bar his second action. The court reasoned that plaintiff could bring a second suit based on a second breach of the contract notwithstanding the fact that plaintiff had brought a prior suit based on a prior breach of the same contract since the second breach occurred after commencement of the first action. The first suit was for payment due for lumber dressed and reloaded by plaintiff prior to the first suit. The second action was for payment due for lumber dressed and reloaded by plaintiff after the filing of the first suit. Plaintiff was "not splitting one demand into pieces and suing on each, because it was not all due at date of the first suit." *Id*. 56 S.E. at 608.

On the other hand, in *Maloney v. McMillan Book Company, supra*, plaintiffs leased certain premises to defendant. Defendant was to pay the plaintiffs the rent on the premises on the first of each and every month. Defendant failed to pay rent for the months of September, October, November and December, 1964. On December 23, 1964, plaintiffs filed suit against defendant for rent allegedly due for the month of September, 1964 only. A default judgment was entered in favor of plaintiffs and against defendant. Thereafter, on April 29, 1965, plaintiffs instituted a second action to recover, *inter alia*, for the rent allegedly due for the months of October, November and December of 1964. The court held that plaintiffs' second action for rent which was already due prior to the filing of their first action for rent for the same premises and pursuant to the same rental agreement was barred by *res judicata*.

> [W]here several sums or installments are due upon a single contract, they *must* be united in one action, and if several suits are brought upon such an installment contract for separate installments after all are due, recovery upon one will be a bar as to the others. Lorillard v. Clyde, 122 N.Y. 41, 25 N.E. 292, 42 A.L.R. 128; Kennedy v. City of New York, 196 N.Y. 19, 89 N.E. 360. The reason for the rule lies in the necessity of preventing vexatious and oppressive litigation and implicit in this rule is an

assumption that a plaintiff who has split his cause of action has acted inequitably, knowing that he was causing unnecessary vexation to the defendant or at least careless as to whether or not he was causing such vexation. Gedney v. Gedney, 160 N.Y. 471, 55 N.E. 1; White v. Adler, 289 N.Y. 34, 43 N.E.2d 798, 142 A.L.R. 898. [Emphasis in original.]

*Id.,* 277 N.Y.S.2d at 502.

While the timing of the filing of each successive action in relation to each successive breach is crucial in determining whether a prior action will bar a subsequent action by *res judicata,* it is not the sole inquiry. Implicit in resolving the issue of *res judicata* when two or more breaches of the same contract have occurred prior to the filing of the first action based only upon one of the breaches is the consideration of whether the plaintiff knew or had reason to know of the other prior breaches. We adhere to the rule adopted by the majority of jurisdictions that have dealt with the problem that a former recovery will not bar claims of which the plaintiff was ignorant, even if those claims existed at the time suit was commenced in the former recovery and could have been joined, unless plaintiff's ignorance was due to his own negligence. The rule is also applicable if plaintiff's ignorance was due to the fault or fraud of an adverse party. 50 C.J.S. Judgments § *667. See also In re 431 Oakdale Avenue Bldg. Corp.,* 28 F. Supp. 63 (1939); *McVay v. Castenara,* 152 Miss. 106, 119 So. 155 (1928); *Holland v. Spear & Co.,* 83 N.Y.S.2d 21, 193 Misc. 524 (1948); *Hyyti v. Smith,* 67 N.D. 425, 272 N.W. 747 (1937); *Badger v. Badger,* 69 Utah 293, 254 P. 784 (1927). *Contra, Guettel v. United States,* 95 F.2d 229 (8th Cir. 1938); *Judd v. Comar Oil Co.,* 172 Okl. 538, 45 P.2d 532 (1935).

As noted above, the rule against splitting a cause of action is based on the salutary policy of preventing a multiplicity of vexatious lawsuits and harassment of the defendant. The rule presupposes the fact that the plaintiff is consciously acting inequitably in suing for only part of his claim, knowing that he was unnecessarily bringing vexatious lawsuits against the defendant or careless as to whether he was causing such vexation. The rule against splitting should not be so rigidly

applied, however, to produce an injustice and thwart the policy upon which it was founded. Thus, where the plaintiff is ignorant of a possible cause of action which existed at the time of commencement of a prior, related action, and he is not negligent in his ignorance or his ignorance was caused by the fraud or fault of the defendant, plaintiff's purpose in bringing the subsequent action will not be to consciously and unreasonably vex or harass the defendant. Rather, plaintiff's purpose will merely be to enforce the alleged liability upon the defendant. Consequently, the rationale and rule against splitting a cause of action will be inapplicable. *Holland v. Spear & Co., supra.*

For example, in *McVay v. Castenara, supra,* plaintiff contracted to buy land from defendant. When defendant failed to deliver the deed, plaintiff brought suit for specific performance. Plaintiff prevailed and obtained a decree for specific performance. Thereafter, plaintiff brought a second suit based on the same contract. In the second suit, plaintiff sought to recover damages incurred due to the delay in delivery of the deed by defendant. The lower court dismissed plaintiff's second suit on the basis that since the claim for damages existed at the time of plaintiff's action for specific performance, plaintiff's failure to bring it at that time barred the subsequent action. On appeal, the court reversed the judgment of the trial court and remanded the case for a determination as to whether plaintiff knew of the claim for damages prior to the commencement of the prior action and whether, if he did not know of the claim, his ignorance was due to his own negligence or fault. The court further directed the trial court that, on remand, if plaintiff was ignorant and not negligent in his ignorance of the existence of the claim for damages, his first suit for specific performance would not be a bar to a subsequent suit for damages.

In the instant case, the lower court determined that plaintiff's second action for a second breach of the contract to pay plaintiff a commission for insurance placed on a certain hotel was barred by *res judicata* since plaintiff had instituted a prior suit based on the same contract and a similar breach. Accordingly, the lower court granted defendant's motion for

summary judgment and attorney's fees. But, although there is evidence as to when plaintiff had knowledge of the second breach, the trial court failed to make the factual determination as to exactly when the second breach occurred.

In a motion for summary judgment, "the movant is asserting that there is no genuine issue of material fact to be resolved by the factfinder and that [the movant] is entitled to judgment on the merits as a matter of law." *Fry et al. v. Bennett et al.*, 59 Haw. 279 at 280, 580 P.2d 844 at 845 (1978), *citing* 6 Moore's Federal Practice, § 56.04(2) (2d ed. 1976); *Packaging Products Co., Ltd. v. Teruya Brothers, Ltd.*, 58 Haw. 580, 574 P.2d 524 (1978). In deciding whether to grant the motion, the court must view the record in the light most favorable to the respondent. *Fry et al. v. Bennett et al., supra; Hing Bo Gum v. Nakamura*, 57 Haw. 39, 549 P.2d 471 (1976); *Young v. Price*, 47 Haw. 309, 388 P.2d 203 (1963). Accordingly, on appeal, this court will reverse the granting of a motion for summary judgment by the trial court if there are disputed issues of material fact. *Creative Leisure International, Inc. v. Aki*, 59 Haw. 272, 580 P.2d 66 (1978); *Del Rosario v. Kohanuinui*, 52 Haw. 583, 483 P.2d 181 (1971).

The issue as to when the second breach occurred is crucial to the *res judicata* inquiry. If it occurred after the July 2, 1971 filing of the first suit in the district court, *res judicata* and the rule against splitting a cause of action will not operate to bar the bringing of the second action. But, if the second breach occurred prior to the filing of the first suit in the district court, then, dependent on whether plaintiff had knowledge of the second breach before the first suit was filed and whether his possible lack of knowledge was due to the negligence of plaintiff or the fault or fraud of defendant, the second suit may be barred.

Consequently, the trial court erred in granting defendant's motion for summary judgment and attorney's fees absent a finding as to the material facts of exactly when the second breach occurred and, if the breach occurred prior to the filing of plaintiff's first action, the reasons for plaintiff's ignorance of the second breach until after the first suit was filed in the district court.

Reversed and remanded.

*Robert A. Franklin* for Plaintiff-Appellant.

*Edward A. Jaffe and Richard J. Kowen (Cades Schutte Fleming & Wright,* of counsel) for Defendant-Appellee AITS-INC.