919 P.2d 1003

Lealisa STEVENS, Plaintiff–Appellant,

v.

Daniel KIRKPATRICK and Maui Bicycle Safaris, Inc., dba Maui Downhill, Defendants–Appellees.

No. 17019.

Intermediate Court of Appeals of Hawai'i.

July 9, 1996.

Larry Mark Polsky and Burton D. Gould (Polsky & Gould, of counsel), on the brief, Paia, Maui, for plaintiff-appellant.

Paul T. Yamamura, Jonathan L. Ortiz, Dennis E.W. O'Connor, Jr. and Lila B. Kanae (Ortiz & Yamamura, of counsel), on the brief, Honolulu, for defendants-appellees.

Before BURNS, C.J., and ACOBA and KIRIMITSU, JJ.

KIRIMITSU, Judge.

In this motor vehicle accident case, Plaintiff–Appellant Lealisa Stevens (Plaintiff) appeals from the April 6, 1993 order granting Defendants–Appellees Maui Bicycle Safaris, Inc., dba Maui Downhill (Maui Downhill), and Daniel Kirkpatrick's (Kirkpatrick) motion to dismiss (Order of Dismissal).

## I. BACKGROUND

On January 13, 1991, Plaintiff was injured in a motor vehicle accident when her vehicle collided with a Maui Downhill vehicle driven by Kirkpatrick. In early 1991, Plaintiff filed a small claims suit against Kirkpatrick in the District Court, Second Circuit, praying for only property damages resulting from the January 13, 1991 automobile accident. On May 29, 1991, Plaintiff obtained a judgment against Kirkpatrick in the amount of $1,535.24 for property damages resulting from this accident. On the date of this May 29, 1991 judgment, Plaintiff had not reached the medical rehabilitative limit threshold pursuant to Hawai'i Revised Statutes (HRS) § 431:10C–308 (Special Pamphlet 1987) of $7,600.00. See discussion, infra, at footnote 4.

Plaintiff filed her complaint in the Second Circuit Court on February 21, 1992 against Kirkpatrick and Maui Downhill claiming personal injuries and damages pursuant to HRS § 431:10C–306 (Special Pamphlet 1987),[1] but not for property damage.

On March 3, 1993, Kirkpatrick and Maui Downhill (collectively, Defendants) filed a motion to dismiss claiming Plaintiff had split her cause of action because Plaintiff had already gone to trial on the property damage claim. On March 15, 1993, Plaintiff filed a memorandum in opposition asserting that she filed the lawsuit because she had now reached the medical-rehabilitative limit threshold. The trial judge dismissed Plaintiff's claim with prejudice. Plaintiff timely appealed. We reverse.

## II. DISCUSSION AND CONCLUSION

We need to first consider whether this appeal is a review of a motion to dismiss or a motion for summary judgment.

Defendants moved to dismiss pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rules 12(b)(6) and 56[2] on the basis that "Plaintiff already brought a claim in small claims court upon which judgment was entered, and she cannot split her cause of action." Defendants attached an affidavit of their counsel and exhibits in support of their motion. The exhibits consisted of, inter alia, a certified copy of the small claims court judgment, copies of excerpts of Plain-

---

1. See discussion, infra, at 1005–1006.

2. Hawai'i Rules of Civil Procedure (HRCP) Rule 12(b)(6) allows for a dismissal of a claim for "failure to state a claim upon which relief can be granted," and HRCP Rule 56 sets forth the rule for summary judgments.

tiff's Response to Defendants First Request for Answers to Interrogatories in the circuit court action, and a copy of Defendants' Request for Admissions to Plaintiff. The supporting affidavit swore that the above exhibits were true and correct copies of the originals.

In response, Plaintiff filed her memorandum in opposition and attached an affidavit and other exhibits. The exhibits included a summary of Plaintiff's medical bills as of August 12, 1991, and Plaintiff's affidavit indicated that at the time of her small claims action for property damage, her medical bills did not reach the $7,600.00 tort threshold required by Hawai'i's no-fault law.

It is not clear from the records whether the trial court treated Defendants' motion as an HRCP Rule 12(b)(6) motion to dismiss Plaintiff's complaint for "failure to state a claim upon which relief can be granted." However, judging from the order granting Defendants' motion to dismiss, it appears that the court treated the motion as an HRCP Rule 12(b)(6) motion.

HRCP Rule 12(b) provides that:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [HRCP] Rule 56[.]

■ As evidenced by attached affidavits and exhibits discussed, *supra*, both Defendants and Plaintiff presented to the circuit court matters that were outside the pleading in question. Furthermore, the court's Order of Dismissal clearly indicates that the court considered these outside matters in rendering its ruling.[3] Accordingly, because the circuit court considered outside matters in rendering its ruling, we review the court's Order of Dismissal as one granting summary judg-

ment pursuant to HRCP Rule 56 and not a motion to dismiss pursuant to HRCP Rule 12(b)(6). *State v. United States Steel Corp.*, 82 Hawai'i 32, 38–39, 919 P.2d 294, 300–301 (Haw. 1996).

### A. Standard of Review

A trial court appropriately grants a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." HRCP Rule 56(c).

### B. No Genuine Issue as to the Material Facts

Our review of the records indicates that the parties do not have any dispute as to the material facts of the instant case.

### C. Defendants Not Entitled to Judgment as a Matter of Law

Defendants contend that Plaintiff's claims for property damage and personal injuries arose out of the same January 13, 1991 automobile accident with Kirkpatrick driving the Maui Downhill vehicle, and since Plaintiff had previously filed an action in small claims court for the property damage, she cannot split her cause of action and bring the subsequent personal injury lawsuit against the same Defendants. We disagree.

■ The Hawai'i Supreme Court states in *Bolte v. Aits, Inc.*, 60 Haw. 58, 62, 587 P.2d 810, 814 (1978), in part, as follows:

*[T]he rule against splitting a cause of action is based on the salutary policy of preventing a multiplicity of vexatious lawsuits and harassment of the defendant. The rule presupposes the fact that the plaintiff is consciously acting inequitably in suing for only part of his claim, knowing*

---

3. The circuit court order dismissing Plaintiff's complaint provided in relevant part:

Defendant MAUI BICYCLES SAFARIS, INC., DBA MAUI DOWNHILL AND DANIEL KIRKPATRICK'S Motion to Dismiss having come on for hearing . . . and the court having reviewed *all memoranda, affidavits, the record herein* and hav-

ing heard the arguments of counsel and being apprised in the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said motion is granted and this matter is dismissed with prejudice as to all of Plaintiff[']s claims against all Defendants. (Emphasis added.)

that he was unnecessarily bringing vexatious lawsuits against the defendant or careless as to whether he was causing such vexation. *The rule against splitting should not be so rigidly applied, however, to produce an injustice and thwart the policy upon which it was founded.* Thus, where the plaintiff is ignorant of a possible cause of action which existed at the time of commencement of a prior, related action, and he is not negligent in his ignorance or his ignorance was caused by the fraud or fault of the defendant, *plaintiff's purpose in bringing the subsequent action will not be to consciously and unreasonably vex or harass the defendant.*

(Emphases added.)

HRS § 431:10C–306 provides in relevant part:

**Abolition of tort liability.** (a) Except as provided in subsection (b), this article abolishes tort liability of the following persons with respect to accidental harm arising from motor vehicle accidents occurring in this State:

4. HRS § 431:10C–308 (Special Pamphlet 1987) provides as follows:

**Medical-rehabilitative limit.** (a) The commissioner shall annually revise the medical-rehabilitative limit in the following manner:

(1) The commissioner shall determine the percentage change in the medical care category of the consumer price index for all urban consumers for the Western region as published by the bureau of labor statistics from April of the previous year to April of the current year;

(2) The medical-rehabilitative limit for the next no-fault policy term year shall be the current medical-rehabilitative limit increased or decreased by the product of the current medical-rehabilitative limit multiplied by the percentage change in the medical care index;

(3) The medical-rehabilitative limit shall then be rounded to the nearest $100 for actual use, but the exact value shall be used in subsequent determinations under this section; and

(4) The commissioner shall use the amount of $5,000 as the initial threshold base on which calculations shall be made in accordance with this section for the purpose of determining the medical-rehabilitative limit for the next no-fault policy term year.

(b) For the purposes of this section, the no-fault policy term year shall commence annually on September 1 and terminate the following

(1) Owner, operator or user of an insured motor vehicle; or

(2) Operator or user of an uninsured motor vehicle who operates or uses such vehicle without reason to believe it to be an uninsured motor vehicle.

(b) Tort liability is not abolished as to the following persons . . . in the following circumstances:

. . . .

(2) Injury occurs to such person in a motor vehicle accident *in which the amount paid or accrued exceeds the medical-rehabilitative limit established in section 431:10C–308* for expenses provided in section 431:10C–103(10)(A) and (B); provided that the expenses paid shall be presumed to be reasonable and necessary in establishing the medical-rehabilitative limit. . . .

(Emphasis added.)

Plaintiff's medical expenses did not reach the medical-rehabilitative limit established in HRS § 431:10C–308 (Special Pamphlet 1987)[4] for expenses covered in HRS § 431:10C–103(10)(A) (Supp. 1989).[5] The ap-

August 31. For each term year, the commissioner shall make the tabulation of data necessary for the computation of the medical-rehabilitation limit during the period April 1 to March 31 preceding the September 1 start of the no-fault policy term year.

HRS § 431:10C–308 was amended in 1992. *See* 1992 Haw. Sess. L. Act 124, § 12 at 217–18. However, amended HRS § 431:10C–308 does not apply in this case because the accident occurred in 1991. The 1992 amendment did not change the requirement of the medical-rehabilitative limit, but established that limit at $10,000 for the one-year period commencing September 1, 1992, and changed the basis of its computation for subsequent years.

5. HRS § 431:10C–103(10)(A) provides:

No-fault benefits, sometimes referred to as personal injury protection benefits, with respect to any accidental harm means:

(i) All appropriate and reasonable expenses necessarily incurred for medical, hospital, surgical, professional, nursing, dental, optometric, ambulance, prosthetic services, products and accommodations furnished, and x-ray. The foregoing expenses may include any nonmedical remedial care and treatment rendered in accordance with the teachings, faith, or belief of any group which depends for healing upon spiritual means through prayer;

plicable medical-rehabilitative limit for this accident was $7,600.

We visited this issue in *Walsh v. Chan,* 80 Hawai'i 188, 192, 907 P.2d 774, 778 (App. 1995), *aff'd in part and rev'd in part,* 80 Hawai'i 212, 908 P.2d 1198 (1995), where we stated that:

> The intent of the legislature in establishing the medical-rehabilitative limit in the no-fault law was to provide a jurisdictional requirement similar to the then $10,000[ [6] ] jurisdictional amount in diversity suits in the federal court: "In order to maintain an action, the claimant must show that the amount in controversy exceeds $5,000 (this amount being intended by your committee to be a jurisdictional requirement similar to the $10,000 jurisdictional requirement in federal diversity suits)." Hse. Stand. Comm. Rep. No. 187, 1973 House Journal, at 837.

■ We therefore conclude that under the Hawai'i no-fault law, Plaintiff did not have a right to file a personal injury lawsuit until she satisfied and attained the medical-rehabilitative limit of $7,600. She had not attained the medical-rehabilitative threshold limit, either at the time she filed her small claims lawsuit for property damages only or obtained the judgment of $1,535.24. In fact, Plaintiff alleged that she attained the threshold limit only when she filed her complaint for personal injury on February 21, 1992.

■ As a general rule, a cause of action arises when the party has a right to file suit. *Hanalei, BRC Inc. v. Porter,* 7 Haw.App. 304, 310, 760 P.2d 676, 680 (1988). When the small claims court judgment was entered against Defendant and property damage sustained by Plaintiff, Plaintiff did not have the right to file a personal injury lawsuit for pain and suffering until she attained the medical-rehabilitative threshold limit. As a corollary matter, the circuit court could not have jurisdiction over Plaintiff's personal injury suit until Plaintiff met this threshold limit. *Walsh,* 80 Hawai'i at 192, 907 P.2d at 778.

We conclude therefore that there is no breach by Plaintiff of the law against splitting of a cause of action.

We also conclude that Plaintiff's small claims court action for property damages only, followed by her complaint for personal injury when she attained the medical threshold under HRS § 431:10C–308, did not constitute a vexatious lawsuit nor harassment of the Defendants, and we therefore hold that Defendants were not entitled to judgment as a matter of law.

For the aforesaid reasons, we conclude that the trial court erroneously granted Defendants' motions to dismiss and hereby reverse the trial court's Order of Dismissal.

### III.   *TRIAL AND APPELLATE COURT COSTS*

Plaintiff also filed a motion for an award of circuit court costs and appellate court costs. In light of our decision above, we believe Plaintiff's motion for an award of circuit court costs should be addressed to the trial court upon further proceedings and urge Plaintiff to file the appropriate request for

---

(ii) All appropriate and reasonable expenses necessarily incurred for psychiatric, physical, and occupational therapy and rehabilitation;
(iii) Monthly earnings loss measured by an amount equal to the lesser of:
(I) $900 a month; or
(II) The monthly earnings for the period during which the accidental harm results in the inability to engage in available and appropriate gainful activity;
(iv) All appropriate and reasonable expenses necessarily incurred as a result of such accidental harm, including, but not limited to:
(I) Expenses incurred in obtaining services in substitution of those that the injured or deceased person would have performed not for income but for the benefit of the person or the person's family up to $800 a month;
(II) Funeral expenses not to exceed $1,500; and
(III) Attorney's fees and costs to the extent provided in section 431:10C–211(a);
provided that the term, when applied to a no-fault policy issued at no cost under the provisions of section 431:10C–410(3)(A), shall not include benefits under items (i), (ii), and (iii) for any person receiving public assistance benefits.
HRS § 431:10C–103(10)(A) was subsequently amended in 1992. *See* 1992 Haw. Sess. L. Act 123, § 2 at 206–07.

**6.** The federal diversity jurisdictional amount is now $50,000. *See* 28 U.S.C. § 1332(A) (1988).

appellate court costs in accord with the Hawai'i Rules of Appellate Procedure. We therefore deny Plaintiff's motion for costs without prejudice.